**Thomas Winford SIMMONS, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

No. 86–1177.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 22, 1991.

Decided April 19, 1991.

As Amended May 15, 1991.

Jim H. Birch, Little Rock, Ark., for appellant.

Jack Gillean, Little Rock, Ark., for appellee.

ARNOLD, Circuit Judge.

Jim Hunter Birch has applied for attorneys' fees. Mr. Birch was appointed by this Court to represent Thomas Winford Simmons, an indigent federal habeas petitioner who was a death-row inmate in Arkansas. For almost two years Birch discharged his duties as appointed counsel faithfully and effectively. See *Simmons v. Lockhart*, 856 F.2d 1144 (8th Cir.1988); *Simmons v. Lockhart*, 915 F.2d 372 (8th Cir.1990). Birch's fee request includes time spent before and after November 18, 1988. That is the critical fact in this case, because November 18, 1988, is the effective date of a new statute which guides the federal courts in awarding attorneys' fees and expenses in capital cases.

The Anti-Drug Abuse Act of 1988 allows the federal courts to award attorneys' fees and various expenses "at such rates or amounts as the court determines to be reasonably necessary" to effective representation in capital cases. 21 U.S.C. § 848(q)(10). The old law, the Criminal Justice Act of 1984, fixed hourly rates and a statutory maximum of $2,500 (waivable in certain circumstances), as well as allowing reimbursement for certain "expenses reasonably incurred" in certain federal criminal cases, including capital cases. 18 U.S.C. § 3006A(d). One of the questions that must be decided in this case is what legal difference it makes that Birch's request straddles these two statutes.

After some hesitation, I have decided to handle this matter, at least in the first instance, as a single circuit judge, rather than referring it to the panel. The Anti–Drug Abuse Act states that fee matters are to be handled by "the court," but fee awards under the Criminal Justice Act have, by long custom, been referred to and decided by the judge who wrote the opinion in the particular case.[1] We have continued this practice under the new law. It makes some sense to adhere to this custom, since the writing judge necessarily will be more familiar with the details of lawyers' efforts. Accordingly, I am deciding this matter as a single judge, subject, however, to review in the manner I shall describe later in this opinion.

Birch urges that the new statute be applied retroactively, thus avoiding the old statutory limitations. Alternatively, he asks that the statutory maximum be waived for that part of his request governed by the Criminal Justice Act. I hold that Congress did not intend the new attorneys' fee provisions of the Anti–Drug Abuse Act to apply retroactively. Birch's request, then, must be treated in effect as two requests: one for his efforts up to November 18, 1988, governed by the Criminal Justice Act, and one for his efforts on and after that date, governed by the new statute.[2]

## I.

The details of Simmons's case are not relevant to this petition, except in one respect. Simmons's habeas petition presented complicated questions involving the tangled jurisprudence of procedural default. We appointed Birch after Simmons's petition had already been rejected once by our Court. 814 F.2d 504 (8th Cir.1987), *cert. denied*, 485 U.S. 1015, 108 S.Ct. 1489, 99 L.Ed.2d 717 (1988). He secured a stay of execution, and pressed a motion asking us to recall our mandate. We ultimately denied the motion, which we treated as a successive habeas petition, but the points raised were far from frivolous. The issues were difficult at best, and Birch, with the help of others in the Rose Law Firm, handled them well. The particulars of those legal questions, as well as the facts of Simmons's crimes, are set out in our previous opinions on Simmons's petition. Birch's fee request comes now because the case is at an end: Thomas Simmons took his own life on December 31, 1990.

The details of Birch's request are these:

| | |
|---|---|
| In–Court Time—12 hours × $115/hour | $ 1,380.00 |
| Out-of Court Time—352.3 hours × $115/hour | $40,514.50 |
| Travel Expenses | $ 168.70 |
| Computer Research | $ 4,257.23 |
| Photocopies | $ 2,115.71 |
| Air Courier | $ 48.15 |
| Postage | $ 5.45 |
| Long Distance Telephone | $ 66.35 |
| Birch Total | $48,556.09 |

As this summary makes apparent, Birch asks for $115.00 an hour for all his time on this case. This of course exceeds the Criminal Justice Act's hourly rate ceilings.

1. There are some exceptions to this practice. If, for example, the writing judge is a visitor, that is, not a circuit judge of this Circuit, either in regular active service or senior status, fee matters are normally referred to the judge who presided over the panel, whether or not he also wrote the opinion of the Court.

2. A technical hurdle must first be surmounted before applying the new statute. Birch was originally appointed under the Criminal Justice Act. He did not formally seek reappointment under the new law. The new statute applies only to lawyers appointed under its terms. I now appoint Birch to represent Simmons under the Anti–Drug Abuse Act of 1988, *nunc pro tunc,* as of November 18, 1988.

That Act allows up to only $40.00 an hour for out-of-court time, and up to $60.00 an hour for in-court time. 18 U.S.C. § 3006A(d)(1). The Anti–Drug Abuse Act, by contrast, requires only that the eventual award be a reasonable one. 21 U.S.C. § 848(q)(10).

Birch also requests that the following people—other lawyers, law clerks, and paralegals—associated with his law firm be paid (at various rates) for the time they spent on this case:

| | | |
|---|---|---|
| D. | Thomas—130.20 hours × $115/hour | $14,973.00 |
| J. | Druff—175.30 hours × $85/hour | $14,900.50 |
| E. | Cunningham—47.20 hours × $75/hour | $ 3,540.00 |
| M. | Booker—6.50 hours × $80/hour | $ 520.00 |
| T. | New—37.70 hours × $30/hour | $ 1,131.00 |
| M. | Peoples—26.65 hours × $30/hour | $ 799.50 |
| A. | Young—12.20 hours × $30/hour | $ 366.00 |
| A. | Cato—8.00 hours × $40/hour | $ 320.00 |
| L. | Buchman—5.40 hours × $40/hour | $ 216.00 |
| R. | Jones—3.45 hours × $40/hour | $ 138.00 |
| M. | Marsh—4.00 hours × $30/hour | $ 120.00 |
| R. | Mills—3.25 hours × $30/hour | $ 97.50 |
| K. | Kissell—2.40 hours × $40/hour | $ 96.00 |
| C. | Hannah—3.00 hours × $30/hour | $ 90.00 |
| | Other Lawyers, Law Clerks, and Paralegals Total | $37,307.50 |

With a few exceptions, all of this time was spent on out-of-court work, mostly legal research and factual investigations. In addition, Birch seeks $77.10 in additional travel expenses for David Thomas, another lawyer who accompanied Birch to St. Louis when he presented his oral argument to our Court.

There is no doubt that all the time requested by Birch, for himself and others, was spent on this case. Moreover, the time was well spent. The questions, rather, are: what is the proper hourly rate for this time, and can these additional individuals be paid for their efforts and expenses?

## II.

■ Beneath the question of the proper hourly rate lies the disputed retroactive application of the Anti–Drug Abuse Act of 1988. The words of the Act express no intention of retroactive application. Nor does the legislative history of the Act carry the argument any further. No committee reports explain this part of the Act. We are aware of no floor debates that might reveal at least the views of individual legislators about retroactive application. But there is relevant precedent. The last time

this Court was faced with a similar situation we came to a conclusion against retroactivity. When the Criminal Justice Act of 1964 first created the possibility of receiving attorneys' fees in federal cases, we declined to apply the statute to that part of a request concerning time spent before the effective date of the new law. See *Ray v. United States*, 367 F.2d 258 (8th Cir.1966) (Lay, J.), *cert. denied*, 386 U.S. 913, 87 S.Ct. 863, 17 L.Ed.2d 785 (1967); *United States v. Pope*, 251 F.Supp. 234 (D.Neb. 1966).

Birch cites two cases in support of the proposition that we should enforce the new Act retrospectively: *Hutto v. Finney*, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978), and *Bradley v. Richmond School Bd.*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974). *Hutto* is distinguishable. In that case the Supreme Court found explicit legislative indication that retroactive effect was intended. *Hutto,* 437 U.S. at 694–95 n. 23, 98 S.Ct. at 2575–76 n. 23. *Bradley,* however, is closer to this case. There the Court held that a statute enacted while the appeal in a case was pending, providing for an award of attorneys' fees in like cases, should be applied in that appeal. The *Bradley* Court "reject[ed] the contention

that a change in the law is to be given effect in a pending case only where that is the clear and stated intention of the legislature." 416 U.S. at 715, 94 S.Ct. at 2018 (footnote omitted). Instead, a court is bound, with some exceptions, to apply the law in effect at the time of its decision. The two exceptions to the *Bradley* presumption of retroactive effect are: if manifest injustice to one of the parties would result, or if Congress clearly intends otherwise. *Id.* at 711, 94 S.Ct. at 2016.

If that were the end of the story, Birch might well prevail on *Bradley*'s rationale. More, however, has been said. In *Bowen v. Georgetown University Hospital,* 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988), the Court recently reaffirmed the traditional rule that "[r]etroactivity is not favored in the law.... [C]ongressional enactments ... will not be construed to have retroactive effect unless their language requires this result." *Id.* at 208, 109 S.Ct. at 471. Our cases have noted the irreconcilable conflict in the Court's directions on this point. See *Criger v. Becton,* 902 F.2d 1348, 1353–54 (8th Cir.1990). The Supreme Court, in *Kaiser Aluminum & Chemical Corp. v. Bonjorno,* — U.S. ——, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990), also noted the "apparent tension" between *Bradley* and *Georgetown Hospital.* 110 S.Ct. at 1577. It nonetheless declined to reconcile the divergent lines of cases represented by these two opinions, "because under either view, where congressional intent is clear, it governs." *Ibid.* In *Bonjorno* the Court discerned a clear legislative intention in the language and brief legislative history of 28 U.S.C. § 1961 against retroactive application. 110 S.Ct. at 1577–78. In a concurring opinion, Justice Scalia criticized the Court for not seizing the opportunity to resolve the real and troubling tension between the *Bradley* and *Georgetown Hospital* lines of precedent. Marshaling history,

precedent, and reason, he counseled a return to the traditional presumption against the retroactive application of statutes, absent a clear legislative intent to the contrary. 110 S.Ct. at 1585–88.

■ Here, Congress's silence is ambiguous, and one must choose between the *Bradley* and *Georgetown Hospital* presumptions. The better rule is that of *Georgetown Hospital:* we will not retroactively apply statutes or regulations without a clear indication that the legislature or administrative agency intends to diverge from the norm of acting prospectively. *Georgetown Hospital,* 488 U.S. at 214–15, 109 S.Ct. at 474–75; *Bonjorno,* 110 S.Ct. at 1588 (Scalia, J., concurring). Our Court recently rejected the *Bradley* line of cases with respect to the retroactive application of an administrative regulation. *Criger,* 902 F.2d at 1353–55. Moreover, the presumption against retroactive application best preserves the distinction between courts and legislatures: the former usually act retrospectively, settling disputes between persons, the latter usually act prospectively, setting the general rules for future conduct. *Compare American Trucking Associations, Inc. v. Smith,* — U.S. ——, 110 S.Ct. 2323, 2343–45, 110 L.Ed.2d 148 (1990) (Scalia, J., concurring). In sum, the attorneys' fee provisions of the Anti–Drug Abuse Act of 1988 do not apply retroactively.[3]

■ The next question for decision is the availability of reimbursement for the efforts of others in Birch's firm. Under both statutes, the costs of law clerks and paralegals are recoverable as part of the ordinary and reasonable expenses of representation. 18 U.S.C. § 3006A(d)(1); 21 U.S.C. § 848(q)(10). Thus, all of Birch's request for law-clerk and paralegal expenses—both

---

**3.** I am informed that this holding is consistent with the practice of the Defender Services Division of the Administrative Office of United States Courts. The Defender Services Division processes for payment vouchers under the Criminal Justice Act and the Anti–Drug Abuse Act. It has not interpreted the latter Act to apply retroactively. I note this fact for purposes of information only. It is not necessary to decide whether the Division should be treated as an administrative agency charged with the execution of the statute, so that its interpretation of the law should be deferred to and applied unless unreasonable. I express no view on that question.

before and after November 18, 1988—is granted.

 The efforts of the four lawyers who helped Birch are another matter. The new statute expressly sanctions the appointment of several lawyers in federal capital cases on direct and collateral review. 21 U.S.C. §§ 848(q)(4), (5), (6), (7). There is no similar provision in the Criminal Justice Act, though the practice of our Court and other courts has been to pay for other lawyers if the case needed them. VII *Guide to Judiciary Policies and Procedures*, Chap. II, Sec. A, ¶ 2.11A (April 1990). The question in the present case is potentially complicated by the fact that none of the other lawyers has ever been appointed by name to represent Simmons, under either statute. The nub of the matter (under both statutes) is the reasonableness of having other lawyers' help, considering the complexity and difficulty of the case. Measured by that standard, involving an additional partner and three associates in this case off and on was justified. Simmons's successive petition required a large amount of factual investigation, legal research, and intellectual effort in a complex area of the law. Attorneys' fees are therefore granted in the maximum amount set by the Criminal Justice Act for pre-November 18, 1988, work, and in the amount requested for post-November 18, 1988, work, for the efforts of David Thomas, Jack Druff, Elana Cunningham, and Michael Booker.[4]

 I believe the following award of attorneys' fees and expenses is appropriate. The individual awards are divided between time spent before November 18, 1988 (those subject to the Criminal Justice Act) and time spent on and after that date (those subject to the Anti–Drug Abuse Act). The pre-November 18, 1988 hours are further divided between in-court and out-of-court time, and reduced to the $40.00 and $60.00 per hour statutory limitations. The requests for law clerks and paralegals subject to that Act have been reduced to $30.00 per hour; that adjustment makes them somewhat proportionate to the lawyers' rates for that same time. We also conclude that the lawyers' requests subject to the Anti–Drug Abuse Act are reasonable. The awards for lawyers', law clerks', and paralegals' time after November 18, 1988, are made at the rate requested.

### Lawyers

J. Birch:

| | |
|---|---|
| 147.8 hrs. (out of ct.) × $40/hr. | $ 5,912.00 |
| 2.0 hrs. (in ct.) × $60/hr. | $ 120.00 |
| 214.5 hrs. × $115/hr. | $24,667.50 |
| | $30,699.50 |

D. Thomas:

| | |
|---|---|
| 59.6 hrs. (out of ct.) × $40/hr. | $ 2,384.00 |
| 2.0 hrs. (in ct.) × $60/hr. | $ 120.00 |
| 68.6 hrs. × $115/hr. | $ 7,889.00 |
| | $10,393.00 |

J. Druff:

| | |
|---|---|
| 153.1 hrs. × $40/hr. | $ 6,124.00 |
| 22.2 hrs. × $115/hr. | $ 2,553.00 |
| | $ 8,677.00 |

E. Cunningham:

| | |
|---|---|
| 47.2 hrs. × $40/hr. | $ 1,888.00 |

M. Booker:

| | |
|---|---|
| 6.5 hrs. × $80/hr. | $ 520.00 |

### Law Clerks and Paralegals

T. New:

| | |
|---|---|
| 37.7 hrs. × $30/hr. | $ 1,131.00 |

---

**4.** This decision finds support in guidelines issued by the Judicial Conference of the United States. These Guidelines contemplate, in cases where such an award is reasonable, compensation for other attorneys in the appointed lawyer's law firm, even though these attorneys have not been appointed by name. See VII *Guide to Judiciary Policies and Procedures,* Chap. II, Sec. A, ¶ 2.11A (April 1990) and Chap. VI, Sec. A, ¶ 6.02A (March 1991).

M. Peoples:
 26.25 hrs. × $30/hr .............................. $ 787.50
 .4 hrs. × $40/hr. .............................. $ 12.00
 $ 799.50

A. Young:
 12.2 hrs. × $30/hr. .............................. $ 366.00

A. Cato:
 8 hrs. × $40/hr. ................................ $ 320.00

L. Buchman:
 4.9 hrs. × $30/hr. .............................. $ 147.00
 .5 hrs. × $40/hr. .............................. $ 20.00
 $ 167.00

R. Jones:
 3.45 hrs. × $30/hr. .............................. $ 103.50

M. Marsh:
 4 hrs. × $30/hr. ................................. $ 120.00

R. Mills:
 3.25 hrs. × $30/hr. .............................. $ 97.50

K. Kissell:
 2.4 hrs. × $40/hr. .............................. $ 96.00

C. Hannah:
 3 hrs. × $30/hr. ................................. $ 90.00

### Expenses

Travel: $168.70 (Birch) + $77.10 (Thomas) $ 245.80
Computer Research: $ 4,257.23
Photocopies: $ 2,115.71
Air Courier: $ 48.15
Postage: $ 5.45
Long Distance Telephone: $ 66.35

 TOTAL AWARD: $62,206.69

---

### III.

Some important procedural points remain to be discussed. The Criminal Justice Act requires that any fee request that exceeds the statutory limitation of $2,500.00 must also be approved by the Chief Judge of the Court of Appeals or any active circuit judge he designates. 18 U.S.C. § 3006A(d)(3). In this opinion I have approved for the period before November 18, 1988, a fee for lawyer Birch and his firm well in excess of that limitation. Judge McMillian has been designated by Chief Judge Lay to approve waivers of the statutory maximum in cases subject to the Criminal Justice Act. This opinion will be submitted to him for his consideration of the fee award for Birch's efforts before November 18, 1988. The award for time expended on and after November 18, 1988, is not subject to this procedure, but I believe it should be reviewable, on proper request, by the Court as a whole, in this case the three-judge panel (Judges McMillian, Fagg, and myself) to which the *Simmons* case has been assigned. If Mr. Birch wants the award reviewed in this manner, he should file a motion with the Clerk of this Court on or before the expiration of 14 days of the date of the filing of this opinion. In this way, the issue of retroactivity, which I am deciding in this opinion as a single judge, could be submitted to a panel of this Court.

I believe the reasonableness of lawyers' fee and expense requests should be decided on a case-by-case basis in spite of a recent United States Supreme Court case adopting a different procedure. In *In Re Berger*, — U.S. ——, 111 S.Ct. 628, 112 L.Ed.2d 710 (1991) (per curiam), the Court

adopted a $5,000.00 flat rate for counsel appointed in that Court under § 848(q). The Court explicitly declined to adopt a case-by-case approach to counsel fees. It gave three reasons for this decision: its inexperience with such determinations, the opportunity cost in light of everything else it must do, and the imprecision of a case-by-case evaluation. *Id.* 111 S.Ct. at 630. Those reasons do not apply to us. We have a long experience under the Criminal Justice Act with individualized attorneys' fees decisions. Though our time is limited too, it is not so valuable as the time of the Supreme Court. Finally, the Clerk of our Court is charged with screening all fee requests. That screening helps avoid imprecision.

\* \* \*

The Motion for Payment of Attorney's Fees is granted in part and denied in part, as explained in this opinion.

It is so ordered.