**Ralph M. OLIVA, Plaintiff,**

v.

**TRANS WORLD AIRLINES, INC., Defendant.**

**No. 89–1111–CV–W–9.**

United States District Court, W.D. Missouri, W.D.

Jan. 29, 1992.

J.C. Hambrick, Jr., Schulz, Bender, Maher & Blair, P.C., Kansas City, Mo., for plaintiff.

Richard L. Connors, Stinson, Mag & Fizzell, Kansas City, Mo., Michael A. Katz, Alane Probst, Trans World Airlines, Inc., Mt. Kisco, N.Y., for defendant.

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT TO SEEK A JURY TRIAL AND PUNITIVE DAMAGES UNDER THE CIVIL RIGHTS ACT OF 1991

BARTLETT, District Judge.

On December 13, 1991, I directed the parties to address whether the Civil Rights Act of 1991 (the 1991 Act), which became effective on November 21, 1991, applies retroactively to the instant action pending since 1989.

There are two divergent lines of cases on the issue of retroactivity, each premised on separate bodies of Supreme Court decisions which the Eighth Circuit Court of Appeals has recently concluded are in "irreconcilable conflict." *See Simmons v. Lockhart,* 931 F.2d 1226, 1230 (8th Cir.1991); *Criger v. Becton,* 902 F.2d 1348, 1353–54 (8th Cir. 1990).

The first line of cases (the minority position), which has been criticized by Justice Scalia, *see Kaiser Aluminum & Chemical Corp. v. Bonjorno,* 494 U.S. 827, 110 S.Ct. 1570, 1579, 108 L.Ed.2d 842 (1990) (Scalia,

J., concurring), suggests that a new statute should be applied retroactively unless Congress clearly intends otherwise or unless a manifest injustice to one of the parties would result. *Bradley v. Richmond School Bd.*, 416 U.S. 696, 716, 94 S.Ct. 2006, 2019, 40 L.Ed.2d 476 (1974); *Thorpe v. Housing Authority of Durham*, 393 U.S. 268, 282, 89 S.Ct. 518, 526, 21 L.Ed.2d 474 (1969). In *Bradley*, the Court "reject[ed] the contention that a change in the law is to be given effect in a pending case only where that is the clear and stated intention of the legislature." 416 U.S. at 715, 94 S.Ct. at 2018. Thus, *Bradley* has been read as establishing a presumption of retroactivity.

The second line of cases espouses a presumption *against* retroactive application of a newly-enacted statute. This traditional rule, *see, United States v. American Sugar Refining Co.*, 202 U.S. 563, 577, 26 S.Ct. 717, 719, 50 L.Ed. 1149 (1906), was recently reaffirmed in *Bowen v. Georgetown University Hospital*, 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988), where the Supreme Court stated: "Retroactivity is not favored in the law. Thus, congressional enactments ... will not be construed to have retroactive effect unless their language requires this result." *Id.* at 208, 109 S.Ct. at 471.

In *Simmons v. Lockhart*, 931 F.2d 1226 (8th Cir.1991), the Eighth Circuit squarely addressed the "irreconcilable conflict" between *Bradley* and *Georgetown Hospital* in deciding whether the attorney fee provisions of the Anti–Drug Abuse Act apply retroactively. Relying on *Georgetown Hospital* and Justice Scalia's concurring opinion in *Bonjorno*, Chief Judge Arnold wrote: "The better rule is that of *Georgetown Hospital:* we will not retroactively apply statutes ... *without a clear indication* that the legislature ... intends to diverge from the norm of acting prospectively." 931 F.2d at 1230 (emphasis added).

Thus, unless there is a *clear* indication that the Civil Rights Act of 1991 is to apply retroactively, the Act will not be applied retroactively.

Section 402(a) states: "Except as otherwise specifically provided, this Act and the amendments made by this Act shall take effect upon enactment." The wording of § 402(a) supports the conclusion that Congress did not intend the Act to be applied retroactively.

The legislative history does not establish that Congress intended that the Act would apply to pending cases. The main Senate sponsors of the Act, Senators Danforth and Kennedy, issued a joint "interpretive memorandum" in which they agreed on every issue except retroactivity. 137 Cong.Rec. S15483 (daily ed. October 30, 1991). The Republican senators lined up behind Senator Danforth asserting that the Act was not intended to be retroactive. The Democratic senators lined up behind Senator Kennedy asserting that the Act was intended to be retroactive. 137 Cong.Rec. S15485 (daily ed. October 30, 1991). The legislative history from the House is similar with the Republicans saying the Act is not retroactive and the Democrats asserting the opposite. *See, e.g.*, 137 Cong.Rec. H9530–31, H9548 and H9549 (daily ed. November 7, 1991).

Plaintiff argues that §§ 109(c)[1] and 402(b)[2] of the 1991 Act, by implication, provide for retroactive application of other provisions of the Act. Plaintiff contends that the 1991 Act prohibits retroactive application only with respect to cases described in §§ 109(c) and 402(b) but not to all other cases.

This argument is not persuasive. First, the tortured inference that plaintiff may purport to glean from §§ 109(c) and 402(b) is not the type of *clear* indication necessary to overcome the presumption of nonretroactivity. *See Simmons*, 931 F.2d at 1230; *Bonjorno*, 110 S.Ct. at 1579 (Scalia,

---

1. Section 109(c) of the 1991 Act, which pertains to employment in a foreign country, states: "Application of Amendments—The amendments made by this section shall not apply with respect to conduct occurring before the date of the enactment of this Act."

2. Section 402(b) of the 1991 Act states: "Notwithstanding any other provision of this Act, nothing in this Act shall apply to any disparate impact case for which a complaint was filed before March 1, 1975, and for which an initial decision was rendered after October 30, 1983."

J., concurring). Second, § 109(c), the employment in a foreign country provision, refers to *conduct* and not to *cases* filed prior to the effective date of the Act. Third, § 402(b) was inserted solely to provide additional assurances that the Act would not contribute to further litigation about *Wards Cove Packing Co. v. Atonio,* 490 U.S. 642, 109 S.Ct. 2115, 104 L.Ed.2d 733 (1989), the only known case which meets the narrow requirements of § 402(b). 137 Cong.Rec. S15483, 15485. Anticipating this distortion of the 1991 Act, Senator Danforth stated:

> Subsection [402(b)], regarding certain disparate impact cases, is intended only to provide additional assurance that the provisions of the bill will not be applied to certain cases that fit the description of that subsection. *It should not be read in derogation of the sponsors' intention not to provide for retroactive effect or application as expressed in subsection [402(a)] of the bill.*

137 Cong.Rec. S15483 (daily ed. Oct. 30, 1991) (emphasis added).

Federal courts have held that §§ 109(c) and 402(b) do not provide a clear intention that the Act is to be applied retroactively. *Hansel v. Public Service Co. of Colo.,* 778 F.Supp. 1126 (D.Colo.1991) ("Section 402 does not facially express clear congressional intent to apply the Act retroactively."); *Van Meter v. Barr,* 778 F.Supp. 83 (D.D.C. 1991) ("The two provisions of the 1991 Act that were included in order to ensure that earlier Supreme Court decisions overruled by the Act were not affected retroactively, *see* 1991 Act, §§ 109(c), 402(b), similarly have no significance to the issue presented here.").

Neither the plain language of the statute nor the legislative history clearly indicates a legitimate intent to apply the Civil Rights Act of 1991 retroactively. Accordingly, the 1991 Act will not be applied retroactively.

Accordingly, it is ORDERED that plaintiff's Motion to Amend Complaint to Seek a Jury Trial and Punitive Damages is denied.