783 F.Supp. 1217 (1992)
Lee COOK, Plaintiff,
v.
FOSTER FORBES GLASS, Defendant.
No. 91-1426-C(5).
United States District Court, E.D. Missouri, E.D.
February 21, 1992.
Samuel H. Liberman, Clayton, Mo., for plaintiff.
Thomas O. McCarthy, McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, Mo., for defendant.

MEMORANDUM AND ORDER
LIMBAUGH, District Judge.
Plaintiff Lee Cook filed this action against his former employer, the defendant Foster Forbes Glass, on July 12, 1991. Plaintiff, who is black, worked as a machinist operator apprentice for defendant from June 1, 1980 until his termination on November 3, 1988. Plaintiff filed a complaint alleging he was discharged on account of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981. He also alleges that defendant terminated him to prevent his eventual promotion from machinist operator apprentice to machinist operator journeyman. In his complaint, plaintiff sought a jury trial and equitable and legal relief for his injuries including compensatory damages for alleged emotional injuries and punitive damages.
On November 8, 1991, the Court granted the defendant's motion to dismiss plaintiff's § 1981 claim and to strike plaintiff's claim for emotional injuries and punitive damages, as well as plaintiff's demand for *1218 a jury trial on his Title VII claim. 776 F.Supp. 1391 (E.D.Mo.1991).[1]
Following the enactment of the Civil Rights Act of 1991 (the "Act"), plaintiff filed a motion to amend his complaint, which defendant opposes. Plaintiff seeks to amend his complaint to reinstate his claims under § 1981, and for compensatory damages, punitive damages and a jury demand for his Title VII claims, which the Court previously struck. The parties disagree as to whether the Act applies to this case. Plaintiff argues that the Act applies retrospectively; that is, it applies to all cases pending at the time the Act was passed and to all future cases. Defendant contends that it applies only to conduct occurring on or after the date on which the Act was passed.
This precise question has generated a flurry of motions in similar cases in this court[2] and elsewhere.[3] The United States District Courts that have considered the issue have come to varying conclusions. See Alexander v. AMP, Inc., 57 FEP Cases (BNA) 768 (W.D.Penn. Dec. 5, 1991) (Act should not be applied retroactively); Van Meter v. Barr, 778 F.Supp. 83 (D.D.C.1991) (damages provisions of 1991 Act do not apply to pending suit against federal agency); Hansel v. Public Service Co., 778 F.Supp. 1126 (D.Colo.1991) (compensatory and punitive damages of Act not available in pending cases); King v. Shelby Medical Center, 779 F.Supp. 157 (N.D.Ala. Dec. 18, 1991) (jury trial in Title VII suit granted); La Cour v. Harris County, No. H-89-1532, 1991 WL 321020 (S.D.Tex. Dec. 6, 1991) (jury trial in Title VII suit granted); James v. American Int'l Recovery, Inc., No. 1:89-CV-321, 1991 WL 281734 (N.D.Ga. Dec. 3, 1991) (reported in Daily L. Rep. (BNA) No. 234, at A-1 (Dec. 5, 1991)) (1991 Act does not apply to cases arising before the effective date of the Act); Mojica v. Gannett Co., 779 F.Supp. 94 (N.D.Ill. 1991) (Act's damages provisions available in cases pending at time of enactment); Khandelwal v. Compuadd Corp., 780 F.Supp. 1077 (E.D.Va.1992) (Act does not apply retroactively).[4] The Eighth Circuit has indicated that the question of retroactive application of the Act should be presented to the Supreme Court for resolution. Hicks v. Brown Shoe Group, 952 F.2d 991 (1991).
Nonetheless, the issue is now before this Court. The question is whether the Civil Rights Act of 1991 applies to cases pending on the date of its passage, November 21, 1991.

I. The language of the statute.

"The starting point for interpretation of a statute `is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive.'" Kaiser Aluminum & Chemical Corp. v. Bonjorno, 494 U.S. 827, 110 S.Ct. 1570, 1575, 108 L.Ed.2d 842 (1990) (quoting *1219 Consumer Product Safety Comm'n v. GTE Sylvania, Inc., 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980)). "[W]here the Congressional intent is clear, it governs" with respect to the retroactivity of a statute. Kaiser Aluminum, supra, 110 S.Ct. at 1577.
Section 3 of the Act provides:
The purposes of this Act are 
(1) to provide appropriate remedies for intentional discrimination and unlawful harassment in the workplace;
(2) to codify the concepts of "business necessity" and "job related" enunciated by the Supreme Court in Griggs v. Duke Power Co., 401 U.S. 424 [91 S.Ct. 849, 28 L.Ed.2d 158] (1971) and other Supreme Court decisions prior to Wards Cove Packing Co. v. Atonio, 490 U.S. 642 [109 S.Ct. 2115, 104 L.Ed.2d 733] (1989);
(3) to confirm statutory authority and provide statutory guidelines for the adjudication of disparate impact suits under Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e et seq.); and
(4) to respond to recent decisions of the Supreme Court by expanding the scope of relevant civil rights statutes in order to provide adequate protections to victims of discrimination.
Section 402[5] of the Act sets forth the effective date of the Act:
(a) IN GENERAL.  Except as otherwise specifically provided, this Act and the amendments made by this Act shall take effect upon enactment.
(b) CERTAIN DISPARATE IMPACT CASES.  Notwithstanding any other provision of this Act, nothing in this Act shall apply to any disparate impact case for which a complaint was filed before March 1, 1975 and for which an initial decision was rendered after October 30, 1983.
This language makes it clear that all of the 1991 Act's provisions apply to any conduct occurring on or after November 21, 1991, when President Bush signed the bill into law. The statutory language is unclear, however, with respect to pending cases or post-Act charges challenging pre-Act conduct. On its face, the language could mean that the Act applies to any charge or case pending on or after the date of enactment. Alternatively, the language could mean that the Act affects only cases filed after the date of enactment.
Defendant argues that § 402(b) of the Act demonstrates that the Act is retroactive only with respect to the cases described in that section and not with respect to any others. Defendant cites the rule of statutory construction that a court should "[hesitate] to adopt an interpretation of a congressional enactment which renders superfluous another portion of the same law." See Mackey v. Lanier Collection Agency & Service Inc., 486 U.S. 825, 837, 108 S.Ct. 2182, 2189, 100 L.Ed.2d 836 (1988). Nonetheless, this Court is not persuaded. At most, § 402(b) creates an inference as to the retroactivity of the remainder of the Act. It is not the express, unambiguous indication of intent needed to overcome the presumption of nonretroactivity. Further, the legislative history of § 402(b) shows that this subsection was added to assuage any doubt that the Act would not generate further litigation in Ward's Cove Packing Co. v. Atonio, 490 U.S. 642, 109 S.Ct. 2115, 104 L.Ed.2d 733 (1989), probably the only case that satisfies the section's requirements. See 137 Cong. Rec. S15,478 (daily ed. Oct. 30, 1991).
After examining the language of the statute, the Court concludes that there is no clear, unambiguous statement as to retroactivity.

II. The legislative history.

The legislative history shows Congress was in no way clear on the issue of retrospective application of the Act. If anything, the legislative history of the Act shows merely that Congress decided not to decide. The main Senate co-sponsors of the Act were Senators John Danforth, a Republican, and Edward Kennedy, a Democrat, who themselves did not agree on the issue.
*1220 During the floor debate of the Senate Bill, Senator Danforth initially stated:
My review of Supreme Court case law supports my reading that in the absence of an explicit provision to the contrary, no new legislation is applied retroactively. Rather, new statutes are to be given prospective application only, unless Congress explicitly directs otherwise, which we have not done in this instance. Support for this proposition is derived from Justice Scalia's concurring opinion in Kaiser Aluminum & Chemical Corp. v. Bonjorno [494 U.S. 827], 110 S.Ct. 1570, 1579 [108 L.Ed.2d 842] (1990), and the unanimous opinion of the Supreme Court in Bowen v. Georgetown University Hospital, 488 U.S. 204, 208 [109 S.Ct. 468, 471, 102 L.Ed.2d 493] (1988), and the numerous cases cited by Justice Kennedy in Bowen.

137 Cong.Rec. S15,483 (daily ed. Oct. 30, 1991). Senator Danforth also submitted an Interpretative Memorandum on behalf of the bill's sponsors which specifically stated that "the provisions of this legislation shall take effect upon enactment and shall not apply retroactively." Id. at S15,485. The Interpretative Memorandum provided:
The Bill provides that, unless otherwise specified, the provisions of this legislation shall take effect upon enactment and shall not apply retroactively.
Id.
Senator Kennedy joined the Interpretative Memorandum and agreed on every issue except retroactivity. 137 Cong.Rec. S15,483 (daily ed. Oct. 30, 1991). He stated:
It will be up to the courts to determine the extent to which the bill will apply to cases and claims that are pending on the date of enactment.
Id. at S15,485.
As the Court noted in Hansel v. Public Service Co., 778 F.Supp. 1126 (D.Colo. 1991):
The republican senators lined up behind Senator Danforth, asserting that the Act was not intended to be retroactive. 137 Cong.Rec. S15,485 (Oct. 30, 1991). The democratic senators lined up behind Senator Kennedy, asserting that the Act was intended to be retroactive. 137 Cong. Rec. S15,485 (daily ed. Oct. 30, 1991). The legislative history from the House is similar with the republicans saying the Act is not retroactive and the democrats asserting the opposite. See e.g., 137 Cong.Rec. H9530-31, H9548, and H9549 (Nov. 7, 1991).
Ultimately, Senator Danforth admitted there was no clear legislative history, only numerous statements, many of which are inconsistent. He suggested that courts attempting to interpret the statute should look to the language of the statute, rather than to the statements of the legislators, and should then apply the appropriate rules of construction. See Id. at S15,483 (daily ed. Oct. 30, 1991); S15,325 (daily ed. Oct. 29, 1991).
As stated above, the language of the statute does not give a "clear indication" of intention to act retrospectively. The legislative history likewise is inconclusive.
Many senators and [representatives] have deliberately tried to create a `legislative history' to support their personal views on this question, but the fact is that Congress, for no good reason, deliberately chose not to include in the statute itself a provision either for retroactive or for prospective-only application.
King v. Shelby Medical Center, 779 F.Supp. 157 (N.D.Ala.1991).

III. Presumptions under the law.

Where congressional intent with regard to retroactivity is unclear, the Supreme Court has applied presumptions to determine the applicability of new laws to pending cases. Two lines of cases from the Supreme Court directly conflict on this issue of retroactivity. One line of cases indicates that statutes going into effect during the pendency of a case are presumed to be applied in that case unless there is clear congressional intent to the contrary or application of the law would result in manifest injustice. Bradley v. Richmond School Bd., 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974). Another line indicates that retroactivity is disfavored and that *1221 congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result. Bowen v. Georgetown Univ. Hosp., 488 U.S. 204, 208, 109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988).
The Supreme Court in Kaiser Aluminum, supra, 110 S.Ct. at 1577, noted the "apparent tension" between Bradley and Bowen, but declined to reconcile the cases. The Court held that "under either view, where the Congressional intent is clear, it governs." Kaiser, 110 S.Ct. at 1577.
Where Congressional intent is not clear, as here, the presumptions of the two lines of cases squarely conflict. The Eighth Circuit has "noted the irreconcilable conflict in the Court's directions on this point." Simmons v. Lockhart, 931 F.2d 1226, 1230 (8th Cir.1991) (opinion of Arnold, J.) (citing Criger v. Becton, 902 F.2d 1348, 1353-54 (8th Cir.1990)).[6] In Simmons, Judge (now, Chief Judge) Arnold considered this conflict and concluded Bowen is the "better rule."
[W]e will not retroactively apply statutes or regulations without a clear indication that the legislature or administrative agency intends to diverge from the norm of acting prospectively.
Simmons, 931 F.2d at 1230. Judge Arnold further noted that "[t]he presumption against retroactive application best preserves the distinction between courts and legislatures: the former usually act retrospectively, settling disputes between persons, the latter usually act prospectively, setting the general rules for future conduct." Simmons, 931 F.2d at 1230.
Following the rule of Simmons, based on the language of the Act and its legislative history, the Court finds no "clear indication" that Congress intended to "diverge from the norm of acting prospectively." Simmons, 931 F.2d at 1230. Therefore, the Court will not apply the Act to cases filed before November 21, 1991.
Rule 15(a), Fed.R.Civ.P., declares that leave to amend "shall be freely given when justice so requires." The Court may deny leave to amend when amendment is futile. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). For the foregoing reasons, justice does not require amendment in this case. Plaintiff's motion to amend will be denied.
If either party requests a certification for interlocutory appeal pursuant to 28 U.S.C. § 1292, the Court would be inclined to grant it as the issues involve controlling questions of law as to which there is substantial ground for difference of opinion and a decision of the Court of Appeals on the retroactivity issues would materially advance the ultimate termination of the litigation.
Accordingly,
IT IS HEREBY ORDERED that plaintiff's motion to amend is DENIED.
NOTES
[1] The Court dismissed plaintiff's § 1981 claim in accordance with Taggart v. Jefferson County Child Support Enforcement Unit, 935 F.2d 947 (8th Cir.1991) (en banc). In Taggart, the Eighth Circuit expressly held that claims for racially discriminatory termination may not be brought under 42 U.S.C. § 1981. Although Taggart left the door open for some failure-to-promote claims under § 1981, the Court found that plaintiff's claim involved termination, not failure to promote. With regard to plaintiff's Title VII claim, the Court granted defendant's motion to strike plaintiff's demand for a jury trial in accordance with Harmon v. May Broadcasting Co., 583 F.2d 410 (8th Cir.1978), in which the Eighth Circuit expressly held that there is no right to a jury trial in a Title VII suit.
[2] In addition to this case, this issue is currently pending before this Court in Moore v. Monsanto Co., No. 90-0377-C-5; Tart v. Hill Behan, No. 90-341 C(5); and Eskridge v. State Farm Mut. Auto. Ins. Co., No. 91-981 C (5). The Court has had the benefit of the briefs in those cases in deciding this question. The issue is also pending in cases assigned to other Judges in the Eastern District of Missouri and this Court has also had the benefit of briefs filed in some of those cases.
[3] The Equal Employment Opportunity Commission has concluded that the Act's provisions apply only to cases involving intentional discriminatory conduct that occurred on or after November 21, 1991. Daily Lab.Rep. (BNA) No. 1, at D-1 (January 2, 1992).
[4] In Khandelwal, the Court briefly set out the reasons for the decisions of the other district courts.
[5] Section 402 was referred to as Section 22 in the Senate bill.
[6] In addition to Criger, the Eighth Circuit identified the tension between the Bradley and Bowen presumptions in two other cases also decided prior to Simmons.

In National Wildlife Fed'n v. ASCS, 941 F.2d 667, 671 (8th Cir.1991), the Eighth Circuit again recognized the conflict between Bradley and Bowen. In that case, however, the Court determined that the language of the statute in question and its legislative history were clear on the question of retroactivity. Id. at 671-72. Accordingly, the Court was not faced with choosing between the rule in Bradley and the rule in Bowen.
In Bess v. Bess, 929 F.2d 1332 (8th Cir.1991), the Eighth Circuit held that under Bradley it would be manifest injustice to apply a new punitive damages statute to a pending case. There, too, the Eighth Circuit noted the tension between Bradley and Bowen, but stated that because the Court harmonized its ruling with Bradley, it was unnecessary to address the conflict. Id. at 1334, n. 2. In Bess, the Eighth Circuit cited to DeVargas v. Mason & Hanger-Silas Mason Co., 911 F.2d 1377, 1388-93 (10th Cir.1990), cert. denied, ___ U.S. ___, 111 S.Ct. 799, 112 L.Ed.2d 860 (1991), "[f]or a thorough analysis of the conflict between these two lines of cases." Id. DeVargas adopted the Bowen approach. DeVargas, 911 F.2d at 1388-93.