**Ella M. LIMUEL, Plaintiff,**

v.

**DONREY CORP., d/b/a The Pine Bluff Commercial, Defendant.**

No. PB–C–91–449.

United States District Court,
E.D. Arkansas,
Pine Bluff Division.

Feb. 28, 1992.

Lisa A. Kelly, Hunt and Kelly, Pine Bluff, Ark., for plaintiff.

Spencer Robinson, Ramsay, Bridgforth, Harrelson & Starling, Pine Bluff, Ark., for defendant.

## MEMORANDUM AND ORDER

SUSAN WEBBER WRIGHT, District Judge.

Plaintiff's motion to amend her complaint is before the Court. This is an employment discrimination case. Plaintiff seeks to amend her complaint to include additional allegations arising out of a recent decision of the Equal Employment Opportunity Commission. Plaintiff additionally seeks to amend her cause of action pursuant to the Civil Rights Act of 1991. Defendant contests that portion of the motion that seeks the protection of the Civil Rights Act of 1991. The Court will grant in part and deny in part plaintiff's motion.

Plaintiff's complaint alleges both racial and sexual discrimination. Plaintiff is a black female employee of defendant, a newspaper publisher. Plaintiff alleges discrimination as to her compensation, discrimination in defendant's failure to promote her, and racial and sexual harassment in the workplace. Plaintiff has worked for defendant since 1982. The allegations as to compensation and harassment date from that date. The allegation as to failure to promote dates from 1990.

The Court will deny plaintiff's motion to amend to the extent that it seeks relief under the Civil Rights Act of 1991. The Court concludes that the Civil Rights Act of 1991 does not apply to the instant cause of action. *See, e.g. Bricker v. Comedy House, Inc.,* No. LR–C–90–805, *slip op.,* (E.D.Ark. February 10, 1992); *Hughes v. Matthews,* No. LR–C–90–422, *slip op.,* 1992 WL 134712 (E.D.Ark. February 7, 1992).

The Civil Rights Act of 1991 itself does not state whether it should apply prospectively or retrospectively. The legislative history is equally unclear. There are two conflicting Supreme Court precedents con-

cerning the retroactive effect of an ambiguous statute or regulation. The Supreme Court recognized the conflict in its precedents concerning retroactivity and declined to reconcile them in *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 837–38, 110 S.Ct. 1570, 1577, 108 L.Ed.2d 842 (1990). Given the uncertainty, federal district courts that have considered retroactive application of the 1991 Act have come to different conclusions.

In *Bradley v. School Board of the City of Richmond*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), the Supreme Court concluded that a change in the law is to be given effect in a pending case where the intent of the legislature is unclear. The *Bradley* statute concerned granting prevailing party attorney's fees in school desegregation cases. Plaintiffs in *Bradley* were able to collect attorney's fees for work performed before the statute became effective.

In *Bowen v. Georgetown University Hospital*, 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988), the Supreme Court declined to apply a Medicare reimbursement regulation retroactively. The Court there stated that "[r]etroactivity is not favored in the law. Thus, congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." 488 U.S. 204, 208, 109 S.Ct. 468, 471.

This Court concludes that it cannot apply the Civil Rights Act of 1991 in this case. First, the Court distinguishes *Bradley*. In *Bradley*, the Supreme Court had not resolved the issue of attorney's fees for parties prevailing in school desegregation cases. Indeed, the propriety of a fee award was pending resolution on appeal when the statute at issue became law. 416 U.S. at 710, 94 S.Ct. at 2015. In the instant case, plaintiff does not contend that the Supreme Court has *not* previously decided the issues of law in her case.[1]

Second, the Court concludes that where the statute is unclear, it must give substantial weight to the position of the administrative agency charged with enforcing the statute. *Chevron USA, Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844–45, 104 S.Ct. 2778, 2782–83, 81 L.Ed.2d 694 (1984). On December 27, 1991, the EEOC issued a policy statement with respect to the retroactive application of the 1991 Act compensatory damages provision. The EEOC concluded that the compensatory damages provisions should only apply prospectively. EEOC Notice No. 915.002 at 1 (December 27, 1991) (*cited in, Tyree v. Riley*, 783 F.Supp. 877, 887–88 (D.N.J. 1992)).

Third, and perhaps most importantly, the Eighth Circuit has unequivocally adopted the Supreme Court's *Georgetown University Hospital* position:

> The better rule is that of *Georgetown Hospital:* we will not retroactively apply statutes or regulations without a clear indication that the legislature or administrative agency intends to diverge from the norm of acting prospectively. Our Court recently rejected the *Bradley* line of cases with respect to the retroactive application of an administrative regulation. Moreover, the presumption against retroactive application best preserves the distinction between courts and legislatures: the former usually act retrospectively, settling disputes between persons, the latter usually act prospectively, setting the general rules for future conduct.

*Simmons v. Lockhart*, 931 F.2d 1226, 1230 (8th Cir.1991).

The Eighth Circuit's opinion is important for an additional reason. Not all of the Courts of Appeal have made the same choice. Where the Circuit Courts apply the *Bradley* analysis, the district courts tend to favor retroactive application of the 1991 Act. *See, e.g., Mojica v. Gannett*, 779 F.Supp. 94 (N.D.Ill.1991) (following *Bradley* and applying 1991 Act retroactively); *Tyree v. Riley*, 783 F.Supp. at 891 (D.N.J. 1992) (following *Georgetown Hospital* and

---

1. The scope of the Civil Rights Act of 1991 is so broad that the retroactive application of the statute may require issue-by-issue adjudication.

declining to apply 1991 Act retrospectively).

■ The Court recognizes the importance of this issue to the parties. Plaintiff's motion raises a question involving a controlling question of law as to which there is substantial ground for a difference of opinion. Accordingly, the Court concludes that an immediate interlocutory review of this issue will materially advance the ultimate termination of this litigation. 28 U.S.C. § 1292(b). The Court will not stay the proceedings in the interim. Trial in this matter is scheduled for April 13, 1992. Absent an Order from the Eighth Circuit, the Court will hold that date.

The parties do not disagree about the proposed amendment to the complaint concerning an October 18, 1991 right to sue letter from the EEOC. Plaintiff's original complaint was filed on August 29, 1991. Plaintiff now seeks to amend her complaint alleging that she has exhausted her remedies as to count IV of her complaint since August 29. Count IV concerns an allegation of discriminatory failure to promote in 1991. The Court will grant plaintiff's motion to amend her complaint to this extent.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to amend her complaint, doc. no. 6, be, and it is hereby, GRANTED IN PART AND DENIED IN PART in accordance with the terms of this Order. Plaintiff is directed to file a separate amended complaint prior to March 4, 1992.

IT IS FURTHER ORDERED, on the Court's own motion, that leave for the parties to file an interlocutory appeal be, and it is hereby, GRANTED in accordance with the terms of this Order.

IT IS SO ORDERED.