**Judy Ann SUDTELGTE, Plaintiff,**

v.

**William S. SESSIONS, Defendant.**

**No. 90–1016–CV–W–6.**

United States District Court,
W.D. Missouri, W.D.

April 21, 1992.

Gwen G. Caranchini, Gwen G. Caranchi-ni, P.C., Kansas City, Mo., for plaintiff.

Alleen S. Castellani Asst. U.S. Atty., Kansas City, Mo., for defendant.

MEMORANDUM AND ORDER

SACHS, Chief Judge.

Plaintiff Judy Ann Sudtelgte filed this action pursuant to Title VII of the Civil

Rights Act of 1964, as amended 42 U.S.C. § 2000e *et. seq.*, against her former employer William S. Sessions in his official capacity as the Director of the Federal Bureau of Investigation alleging sex-based discrimination and hostile environment. This matter is before the court on plaintiff's motion for leave to file a second amended complaint. The plaintiff seeks to amend Counts I, II and III of her petition by adding claims for compensatory damages, interest on backpay claims, fees for expert witnesses, as well as a demand for a jury trial pursuant to the recently enacted Civil Rights Act of 1991 ("the Act").

■ Fed.R.Civ.P. 15(a) provides that leave to amend shall be freely given when justice so requires. However, a motion to amend should be denied if the amended claim lacks substantial merit and would be a "futile gesture" subject to dismissal. *Holloway v. Dobbs*, 715 F.2d 390, 391–92 (8th Cir.1983). The futility of the plaintiff's proposed amendment depends on whether the Civil Rights Act of 1991 is to be applied retroactively. The plaintiff commenced this action in November 1990. The defendant argues that the Act, which President Bush signed into law on November 21, 1991, does not apply retroactively and is therefore inapplicable to the plaintiff's case which was filed prior to the Act's enactment.

The Eighth Circuit recently held that § 101 of the Civil Rights Act of 1991 does not apply retroactively. *Fray v. The Omaha World Herald Co.*, 960 F.2d 1370, (8th Cir.1992). The plaintiff Fray commenced the action in June 1987 alleging race, sex and retaliatory discrimination in violation of § 1981, Title VII, and state law. The case went to trial in November 1989. The jury found that the defendant had violated § 1981 by failing to promote the plaintiff as a result of race and sex discrimination. The issue on appeal was whether *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), which was handed down in June 1989, fore-

closed the plaintiff's § 1981 claims or whether the new civil rights statute, which overruled *Patterson*, should be applied retroactively to preserve her § 1981 claims.

The court found, as have all other courts, that neither the Act or its legislative history indicate a clear congressional intent regarding its retroactivity. The language of the Act itself does not address whether it is generally to be applied retroactively and the legislative history is replete with interpretative comments from both sides.

The court then analyzed the Act under the Supreme Court's current conflicting presumptions of retroactivity reflected in *Bradley v. School Board of City of Richmond*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), and *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988).[1] Under *Bradley*, the retroactivity of a statute is presumed unless such application would create manifest injustice or Congress has expressed the opposite intention. 416 U.S. at 711, 94 S.Ct. at 2016. However, under *Bowen*, "congressional enactments and administrative rules will not be construed to have retroactive effect unless their clear language requires this result." 488 U.S. at 208, 109 S.Ct. at 471.

Although the Eighth Circuit acknowledged this inconsistency and reaffirmed its holding in *Simmons v. Lockhart*, 931 F.2d 1226 (8th Cir.1991), that the better rule is that of *Bowen*, it went on to consider the Act under both cases. The court concluded that regardless of which rule was engaged, § 101 of the Act should not apply retroactively to pending cases or pre-enactment conduct.

This court has twice already ruled on the retroactivity of the Civil Rights Act of 1991 in a procedural context. In *Navato v. St. Luke's Hospital of Kansas City*, No. 90–0068–CV–W–6, I ruled from the bench that because the provision in the Act allowing for a jury trial is procedural in nature, the Act should be applied retroactively to allow the plaintiff a jury trial on her § 1981

1. The Supreme Court recognized the tension between these two cases in *Kaiser Aluminum Chemical Corp. v. Bonjorno*, 494 U.S. 827, 837, 110 S.Ct. 1570, 1572, 108 L.Ed.2d 842 (1990), but declined to reconcile them.

claims. In *Griddine v. Dillard Dept. Stores, Inc.,* 1992 WL 59277 (W.D.Mo. March 16, 1992), I concluded that § 113 allowing a prevailing party to recover expert witness fees is procedural in nature and is therefore properly applied retroactively.

The outcome in other jurisdictions has turned on whether the circuit has adopted *Bradley* or *Bowen.* In those circuits where retroactivity is the presumption, district courts conclude that the Civil Rights Act of 1991 is to be applied retrospectively. *See e.g. King v. Shelby Medical Center,* 779 F.Supp. 157 (N.D.Ala.1991); *Mojica v. Gannett Co.,* 779 F.Supp. 94 (N.D.Ill.1991); *Sanders v. Culinary Workers Local #226,* 783 F.Supp. 531 (D.Nev.1992). In those jurisdictions where *Bowen* is favored, district courts conclude that the Act only applies prospectively. *See e.g. Van Meter v. Barr,* 778 F.Supp. 83 (D.D.C.1991); *Hansel v. Public Service Co.,* 778 F.Supp. 1126 (D.Colo.1991); *Simons v. Southwest Petro–Chemical Co.,* 1992 WL 25218 (D.Kan. January 22, 1992).

My conclusion regarding the Act's retroactivity stems from an interpretation of two Eighth Circuit cases: *Simmons v. Lockhart,* 931 F.2d 1226 (8th Cir.1991) and *In re Resolution Trust Corp.,* 888 F.2d 57, 58 (8th Cir.1989).

In *Simmons v. Lockhart,* Judge Arnold stated that *Bowen* was "[t]he better rule," determining that the Eighth Circuit would not retroactively apply a statute "without a clear indication that the legislature … intends to diverge from the norm of acting prospectively." 931 F.2d at 1230. Judge Hunter of this court and Judge Limbaugh of the Eastern District of Missouri have relied on *Simmons* to conclude that the Civil Rights Act is not to be applied retroactively. *See High v. Broadway Indus., Inc.,* 1992 WL 33860 1992 U.S.Dist.Lexis 446 (January 7, 1992); *Cook v. Foster Forbes Glass,* 783 F.Supp. 1217 (1992). Furthermore, in *Fray* the Eighth Circuit reaffirmed Judge Arnold's reasoning in *Simmons* as the proper analysis of the retroactivity issue.

In *In re Resolution Trust Corp.,* 888 F.2d 57, 58 (8th Cir.1989), a case decided after *Bowen,* the Eighth Circuit stated that if a new statute changes procedural or jurisdictional rules and does not affect the substantive rights of the parties, it should be applied retroactively. *See, also, French v. Grove Mfg. Co.,* 656 F.2d 295 (8th Cir. 1981) (although statutes generally not applied retroactively, exception recognized for procedural or remedial legislation). This remains the applicable law in the state of Missouri as well. *See Wilkes v. Missouri Highway and Transp. Com'n.,* 762 S.W.2d 27 (Mo. banc 1988) (statutory provision which is procedural or remedial operates retrospectively).

■ The court continues to believe that the appropriate way in which to consider retroactivity issues is to distinguish between procedural and substantive provisions in the statute, to apply procedural provisions retrospectively, pursuant to *In re Resolution Trust,* and to apply substantive provisions prospectively, pursuant to *Simmons.* The court recognizes that it is bound by the Eighth Circuit precedent established in *Fray.* However, the *Fray* court did not directly address the substantive/procedural distinction. The court did, however, refer to the Supreme Court's statement in *Bennett v. New Jersey,* 470 U.S. 632, 639, 105 S.Ct. 1555, 1560, 84 L.Ed.2d 572 (1985), that "statutes affecting substantive rights and liabilities are presumed to have only prospective effect." This obviously leaves open the possible retroactive application of procedural changes.

■ In this case, the court again concludes that § 113 which allows a prevailing party expert witness fees is a remedial change and therefore properly applied retroactively. As noted above, I have also previously held that the right to a jury trial is procedural in nature. Accordingly, the retroactive application of the Act regarding a right to a trial by jury would appear to be warranted. However, because the relief authorized under Title VII prior to the 1991 Act was equitable in nature, the right to a jury trial in Title VII cases under § 102 of the new statute turns on whether or not

the plaintiff may assert a claim for compensatory damages.[2] The court finds that the provision providing for compensatory damages is substantive in nature and should therefore be applied prospectively only. Under § 102, the defendant could potentially be held liable for an additional $300,000 in compensatory damages. This provision clearly affects the substantive rights of the parties. *See Van Meter v. Barr*, 778 F.Supp. 83, 84 (D.D.C.1991) ("A right to seek compensatory damages in a jury trial against the United States is a major substantive provision."); *Curry v. Chicago Central & Pacific R.R.*, 1992 WL 25459 (N.D.Iowa Feb. 10, 1992) (unreported) ("[I]t appears to the court that the new impositions of punitive and compensatory damages may create new liabilities that substantively effect the rights of the defendant."); *Khandelwal v. Compuadd Corp.*, 780 F.Supp. 1077, 1080 n. 5 (E.D.Va.1992) ("There can be no dispute that a right to seek compensatory damages in a jury trial is a major substantive provision.") It follows that because the plaintiff may not assert a claim for compensatory damages, under § 102 the plaintiff may not properly assert a jury demand for the assessment of such damages.

In addition, the provision in Title VII requiring that discrimination claims against the federal government first be raised with the appropriate agency precludes the plaintiff's proposed amendment. *See* 42 U.S.C. § 2000e–16(c); *Brown v. GSA*, 425 U.S. 820, 832, 96 S.Ct. 1961, 1967–68, 48 L.Ed.2d 402 (1976). To permit the plaintiff to add a claim for compensatory damages without first pursuing the administrative remedies mandated under Title VII would impermissibly expand the jurisdiction of this court and the United States' waiver of sovereign immunity under the statute.

The allowance of interest on backpay claims may seem so justifiable and so comparatively petty in nature that it might plausibly be considered a nonsubstantive change. There is, however, a difference between insubstantial and nonsubstantive, and I have difficulty differentiating the interest claim from the compensatory damage claim. It will therefore be characterized as substantive and not recoverable for conduct prior to enactment of the 1991 statute. Accordingly, it is hereby

ORDERED that the plaintiff's motion for leave to file a second amended complaint to include a claim for compensatory damages, a jury trial on that issue and interest on backpay claims is DENIED. It is further

ORDERED that the plaintiff's motion to file a second amended complaint to include a prayer for expert witness fees is GRANTED. The plaintiff shall have fifteen (15) days from the date of this order in which to file an originally signed second amended complaint in compliance with the court's order.

---

2. Section 102 provides:
   (c) Jury Trial.—If a complaining party seeks compensatory or punitive damages under this section—

"(1) any party may demand a trial by jury; and