**Vivian BESS, Appellant,**

**v.**

**Leonard L. BESS, Appellee.**

**No. 90–2185.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1991.

Decided April 10, 1991.

Rehearing and Rehearing En Banc Denied May 20, 1991.

Alan J. Agathen, Clayton, Mo., for appellant.

Robert J. Radice, St. Louis, Mo., for appellee.

Before WOLLMAN, Circuit Judge, and BRIGHT, Senior Circuit Judge, and LOKEN, Circuit Judge.

BRIGHT, Senior Circuit Judge.

In October 1983, Vivian Bess discovered that her estranged husband, Leonard, had placed a recording apparatus on her telephone to tape her conversations. She sued him for violating Title III of the Omnibus Crime Control and Safe Streets Act of 1968, Pub.L. No. 90–351, 82 Stat. 197 (1968) (current version at 18 U.S.C. §§ 2510–2520 (1988)) [hereinafter Title III], which provides a civil cause of action for the unauthorized interception, disclosure or use of wire communications. After a bench trial, the federal magistrate judge ruled in Vivian's favor and awarded her $1,200 in damages and $1,900 in attorney's fees.

Vivian now appeals, contending that the damages and fees awarded are too low. Specifically, she argues that the magistrate judge erroneously refused to: (1) apply a $10,000 statutory damages minimum from a 1986 amendment to Title III; (2) find more than twelve violations; (3) impose punitive damages; and (4) award requested attorney's fees of $7,643. We affirm as to the statutory damages provision and the punitive damages issue. However, we increase the number of violations by one and remand for a reasonable increase in attorney's fees.

## I.  BACKGROUND

In July 1983, after twenty-six years of marriage, Vivian and Leonard Bess separated. Several months prior to their separation, Leonard attached a hidden tape recorder to the basement telephone line of the marital residence. The recorder operated intermittently until October 1983 when Vivian discovered the device and removed it.

On January 13, 1987, Vivian filed suit against Leonard (by that time her ex-husband) under 18 U.S.C. §§ 2511, 2520, seeking actual and punitive damages and attorney's fees for the unlawful interception, disclosure and use of her phone conversations. At that time, section 2520 imposed statutory damages of the greater of either (1) $100 per day of violation, or (2) $1,000. While Vivian's case remained pending, however, the Electronic Communications Privacy Act of 1986, Pub.L. No. 99–508, 100 Stat. 1848 (1986), took effect. This act, among other things, amended section 2520 to permit "statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000." § 103, 100 Stat. at 1854.

Vivian's lawsuit proceeded to trial on April 30, 1990. At trial, Vivian introduced twelve tapes containing her intercepted phone conversations. The tapes contained an average of two and one-half conversations each and, according to Leonard, represented one day of interception per tape. Vivian further presented court transcripts in which Leonard injected information derived from the intercepted conversations into the Bess' divorce proceeding in 1985. Transcript on Appeal at 16–17, 33.

The magistrate judge ruled for Vivian only on her unlawful interception claim. He found twelve days of interception, one day for each tape, and awarded statutory damages of $1,200 ($100 for each day of

violation). In so ruling, the magistrate judge rejected Vivian's argument that the 1986 amendment entitled her to a minimum of $10,000 in statutory damages. The magistrate judge further ruled against Vivian on her punitive damages claim and awarded only $1,900 of a requested $7,643 in attorney's fees. This appeal followed.

## II. DISCUSSION

### A. Number of Violations

■ Vivian raises one meritorious claim with respect to the number of violations. The record reveals that on July 24, 1985, during the Bess' divorce proceeding, Leonard recited facts obtained from the intercepted conversations in an attempt to establish marital misconduct by Vivian. This use of the intercepted contents represents additional prohibited conduct in violation of 18 U.S.C. § 2511. *Cf. Rodgers v. Wood,* 910 F.2d 444, 446, 449 n. 3 (7th Cir.1990) (plaintiffs sought damages based on disclosure of intercepted conversations). We therefore determine that Vivian is entitled to an additional $100 in statutory damages.[1]

We have little difficulty rejecting Vivian's remaining contentions. Given the record at trial, the magistrate judge's finding that Vivian proved only twelve days of interceptions was not clearly erroneous. *See* Fed.R.Civ.P. 52(a).

### B. Statutory Damages

■ Vivian argues that the 1986 amendment to section 2520 entitles her to minimum statutory damages of $10,000. For this proposition, she chiefly relies on *Bradley v. School Bd. of Richmond,* 416 U.S.

696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974), which instructs courts to apply the law in effect at the time the decision is rendered.

We nonetheless observe that *Bradley* explicitly recognized an exception for manifest injustice. *Id.* at 716, 94 S.Ct. at 2018. Under *Bradley,* manifest injustice may result where a retroactive application affects the rights of parties to a merely private lawsuit, *id.* at 717, 94 S.Ct. at 2019 (quoting *United States v. The Schooner Peggy,* 5 U.S. (1 Cranch) 103, 110, 2 L.Ed. 49 (1801)), or infringes upon the matured or unconditional rights of individuals, *id.* 416 U.S. at 720, 94 S.Ct. at 2020. We deem the manifest injustice exception apposite here.[2]

The Electronic Communications Privacy Act of 1986 largely recodified section 2520. H.R.Rep. No. 647, 99th Cong., 2d Sess. 50 (1986).[3] It enacted a two-year statute of limitations where none previously existed. 18 U.S.C. § 2520(e) (1988). It adopted a separate framework of statutory damages for certain satellite video communications offenses. 18 U.S.C. § 2520(c)(1) (1988). It increased the minimum statutory damages from $1,000 to $10,000 for all other violations. 18 U.S.C. § 2520(c)(2) (1988). In addition, except for the satellite offenses, it provided that the court "may" assess the specified statutory damages amounts, rather than "shall" as previously had been the case. *Id.*

We further observe that the Electronic Communications Privacy Act of 1986 changed the mens rea required for violations from "willful" to "intentional." *See* § 101(f), 100 Stat. at 1853. This modification served to "underscore that inadvertent

---

1. Vivian makes no argument that the statute entitled her to more than the $100 per day figure.

2. In *Bowen v. Georgetown University Hospital,* 488 U.S. 204, 208, 109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988), the Supreme Court announced that "congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." Because we harmonize our holding with *Bradley v. School Board of Richmond,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974) we do not address the interplay between *Bradley*

and *Georgetown University Hospital.* For an in-depth analysis of the tension between these two lines of cases, see *DeVargas v. Mason & Hanger–Silas Mason Co.,* 911 F.2d 1377, 1388–93 (10th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 799, 112 L.Ed.2d 860 (1991).

3. Inasmuch as Congress largely recodified section 2520, we think it unlikely that Congress would have wanted to apply its provisions in a piecemeal fashion, some retroactively and some prospectively. We therefore proceed on a theory that section 2520 must necessarily take effect, whether retroactively or prospectively, as a coherent whole.

interceptions are not crimes under the Electronic Communications Privacy Act." S.Rep. No. 541, 99th Cong., 2d Sess. 23, *reprinted in* 1986 U.S.Code Cong. & Admin.News 3555, 3577.

In our view, application of the above provisions to violations preceding their effective date could alter the rights of individuals and the expectations of private litigants. The amended provisions potentially affect both plaintiffs' rights to recovery and the limitations on defendants' liability. We also deem it significant that, although Congress increased the minimum statutory damages under section 2520, it did so only after clearly defining both the culpability necessary to constitute a violation and the time limitation for the cause of action.[4] We therefore decline to apply section 2520, as amended, to Vivian's pending claim.

## C. Punitive Damages

■■■ Vivian contends that the magistrate judge erroneously refused to award punitive damages. To merit punitive damages under section 2520, she must prove a wanton, reckless or malicious violation. *Jacobson v. Rose,* 592 F.2d 515, 520 (9th Cir.1978), *cert. denied,* 442 U.S. 930, 99 S.Ct. 2861, 61 L.Ed.2d 298 (1979). Here, Leonard testified that he installed the tape recorder out of a belief that phone messages left for him at the marital residence were being withheld. In view of this explanation, as well as other testimony, we think

the record adequately supported the magistrate judge's ruling.

## D. Attorney's Fees

■■■ The testimony and exhibits submitted at trial indicate that Vivian's counsel expended 57.7 hours at $90 per hour and 24.5 hours at $100 per hour on her case. Although these figures amounted to attorney's fees of $7,643, the magistrate judge, without explanation, awarded only $1,900. Vivian argues that the magistrate judge abused his discretion in awarding only $1,900 in attorney's fees.

We agree that the fee award should be increased. At the time Vivian filed her action, 18 U.S.C. § 2520(b)(3) (1986) provided that aggrieved persons shall be entitled to recover "a reasonable attorney's fee." Thus, at a minimum, an appropriate fee in this case should account for the hours reasonably expended on the successful pursuit of damages for the thirteen violations. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 563–64, 106 S.Ct. 3088, 3097–98, 92 L.Ed.2d 439 (1986).[5] At the same time, it might properly exclude time spent in unsuccessfully seeking amended statutory damages and punitive damages. These matters fall within the discretion of the trial court. *See Hensley v. Eckerhart,* 461 U.S. 424, 436–37, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983).[6] In any case, the magistrate judge should provide a concise and clear explanation of the reasons for the fee award. *See id.* at 437, 103 S.Ct. at 1941.[7]

---

4. Vivian asserts that the two-year statute of limitations could not retroactively bar her claims because she filed her action before amended section 2520 took effect. Assuming no bar applies, we question the fairness of permitting Vivian to enhance her recovery based on the amended provision. Most significantly, there exists some question about whether Vivian could have maintained her action at all had she waited for the amended provisions to take effect before filing her lawsuit. *See Andes v. Knox,* 905 F.2d 188, 189 (8th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 373, 112 L.Ed.2d 335 (1990) (two-year limitations period of amended section 2520 bars action filed in 1988 for violations discovered in 1984.)

5. As a corollary, the fee award should include the time Vivian spent defending against Leonard's motions to dismiss her lawsuit.

6. For a list of other potentially relevant considerations, see *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974).

7. Before the magistrate judge, Leonard argued against a time-based computation of fees on the grounds that Vivian and her counsel had a contingency fee contract. We remain unclear from the briefs whether Leonard continues to press this argument on appeal. In any event, we reject it as unsupported by the plain language of Vivian's fee agreement. This agreement provided that "the attorney's fees are to be the greater of 40% *or* the attorney's fees awarded." *See* Transcript of Non Jury Trial at 106 (emphasis added). We also point out that a contingency fee contract imposes no automatic ceiling on the amount of attorney's fees a court may award. *See Blanchard v. Bergeron,* 489 U.S. 87, 93, 109 S.Ct. 939, 944, 103 L.Ed.2d 67 (1989).

### III. CONCLUSION

We affirm the magistrate judge's refusal to apply the amended statutory provision to Vivian's claim. We likewise affirm his refusal to award punitive damages. However, we conclude that an additional violation occurred when Leonard used the tape contents during the Bess' divorce proceeding and therefore direct the magistrate judge to increase Vivian's statutory damages award by $100. We remand for reconsideration of the attorney's fee award. No costs are awarded to either party on this appeal.