**Isaac MENDA BITON, Plaintiff,**

v.

**Nelson MENDA, et al., Defendants.**

**Civ. No. 92–1543(PG).**

United States District Court,
D. Puerto Rico.

Aug. 4, 1992.

---

See also: 796 F.Supp. 628.

Harvey Nachman, Santurce, P.R., for plaintiff.

David C. Indiano, Indiano, Williams & Weinstein–Bacal, Hato Rey, P.R., for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

On July 6, 1992, the Court issued an order granting defendants until July 20, 1992, to file an opposition to plaintiff's motion for summary judgment. Said deadline has now elapsed and no document(s) have been received. Wherefore, for the reasons fully discussed below, the Court finds that no genuine issue of material fact exists as to the issue of defendants' liability so as to preclude entry of summary judgment in plaintiff's favor.

### I. The Facts

A synopsis of the facts of this case may be found in the Court's Amended Opinion and Order of May 4, 1992. Suffice it to state, that the Court, after a formal hearing, found that plaintiff had met all the necessary requirements for a preliminary injunction to issue. *See Narragansett Indian Tribe v. Guilbert*, 934 F.2d 4, 5 (1st Cir.1991). The Court thus issued a preliminary injunction prohibiting the defendants, their attorneys and their agents from using the tape recordings and or transcripts thereof in any adversarial proceeding and from disclosing their contents to anyone. The defendants were also ordered to submit a list, signed under oath, of names of those third parties to whom the contents of the tapes had been disclosed to, and to submit in seal all the tapes and transcripts.

### II. Discussion

Summary judgment is appropriate when the "pleadings, depositions ..." show that "there is no genuine issue as to any material fact" and the moving party is "entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "Once a movant avers 'an absence of evidence to support the nonmoving party's case,' the latter must adduce specific facts establishing the existence of at least one issue that is both 'genuine' and 'material.'" *Sheinkopf v. Stone*, 927 F.2d 1259, 1261 (1st Cir.1991) (citations omitted); *Ponce Federal Bank, F.S.B. v. The Vessel Lady Abby*, 780 F.Supp. 878, 880 (D.P.R.1992).

 Title 18 U.S.C. § 2511(2)(d) makes it unlawful for a person to intercept a telephone conversation in *states* where such interception constitutes crime or tort. Such is the case in Puerto Rico, as its Penal Code contains several wiretap crimes. *See* 33 L.P.R.A. §§ 4185, 4186, 4187, 4188, 4189. The Commonwealth's Constitution also contains an express prohibition against wiretapping. P.R. Const. art. II § 10; *Camacho v. Autoridad de Teléfonos de Puerto Rico*, 868 F.2d 482, 485 (1989). In this Court's opinion, the Puerto Rico Supreme Court, pursuant to said constitutional proviso, would indeed recognize right to privacy causes of action based on a private individual's nonconsensual recording of a telephone conversation and subsequent dissemination of said recording or transcripts thereof.[1] *See Arroyo v. Rattan Specialties, Inc.*, 117 D.P.R. 35, 64 (1986).

In the case at bar, it is undisputed that Mr. Menda never consented to the recording of his phone conversations. *See* Plaintiff's Exhibit 1. Likewise, the defendants have neither alleged nor evidenced that they were authorized by a competent court to do so. Finally, it is undisputed that the contents of the tapes or transcripts have already been disclosed to third parties. *See* Plaintiff's Exhibits 2, 3. Wherefore, plaintiff has shown that no genuine issue of material fact exists as to the issue of liability for defendants' violation of both federal and Commonwealth wiretapping laws.

### III. Remedies

In light of the above, the Court hereby ORDERS the following:

1) Summary judgment is to be ENTERED in plaintiff's favor as to the issue of liability.

2) The defendants, their attorneys, and their agents are hereby PERMANENTLY ENJOINED from further disclosing the contents of the tapes and/or transcripts to any third persons.

3) The stay on discovery is hereby LIFTED. However, discovery shall be LIMITED to the issue of damages.

4) The Court shall SCHEDULE a status conference or hearing on the issue of damages at a later date.

IT IS SO ORDERED.

---

1. This however, does not mean that a party to a phone conversation cannot discuss with a third party his or her own recollection of what was discussed during the conversation.