Isaac MENDA BITON, Plaintiff,

v.

Nelson MENDA, et al., Defendants.

Civ. No. 92–1543(PG).

United States District Court,
D. Puerto Rico.

Feb. 10, 1993.

David C. Indiano and Jeffrey M. Williams, Hato Rey, PR, for plaintiff.

Harvey Nachman, Santurce, PR, for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

On August 4, 1992, the Court entered summary judgment in plaintiff's favor as to the issue of the defendants' liability towards him for their unconsensual recording of telephone conversations with him and further disclosure of the contents thereof. *Menda Biton v. Menda*, 796 F.Supp. 631,

632–33 (D.P.R.1992).[1] At this juncture, plaintiff has once again moved for summary judgment, this time on the issue of damages. Since both sides to this litigation are by now familiar with the summary judgment device, the Court will directly proceed to the merits of plaintiff's motion. Any reader unfamiliar with our Circuit's standard whose legal curiosity itches is referred to *Sheinkopf v. Stone,* 927 F.2d 1259, 1261–62 (1st Cir.1991) for an excellent discussion of the Rule 56(c) framework.

## I. *Damages Sought by Plaintiff*

Plaintiff seeks compensatory damages pursuant to 18 U.S.C. § 2520(c)(2) and the Commonwealth and Federal Constitutions, punitive damages pursuant to 18 U.S.C. § 2520(b)(2), and, attorney fees under 18 U.S.C. § 2520(b)(3). The Court shall examine each proposed ground for relief separately.

## II. *Damages under § 2520(c)(2)*

■ Title 18 U.S.C. § 2511(1) makes it illegal for any person to intentionally intercept, use, or disclose any wire, oral, or electronic communication. A person whose conversations are recorded and disclosed in violation of said proviso is entitled to civil damages under 18 U.S.C. § 2520. Section 2520(c)(2) states:

> **(c) Computation of damages—**
> **(2)** In any other action under this section, the court may assess as damages whichever is the greater of—
> **(A)** the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or
> **(B)** statutory damages of whichever is greater of $100 a day for each day of violation or $10,000.

A district court has no discretion in imposing statutory damages under section 2520(c)(2). *Rodgers v. Wood,* 910 F.2d 444,

447–48, *reh. denied,* 914 F.2d 260 (7th Cir. 1990).

Plaintiff requests that the Court award him $20,000.00 under section 2520(c)(2). He comes up with said amount by having each defendant-violator pay him $10,000.00—the minimum award for any violation under the proviso. While agreeing that such an amount is indeed warranted, the Court nevertheless has used a different formula to compute plaintiff's award.

(i) *Effect of the number of defendant-violators when computing an award for damages under section 2520*

■ In *Jacobson v. Rose,* 592 F.2d 515, 520–21 (9th Cir.1978), *cert. denied,* 442 U.S. 930, 99 S.Ct. 2861, 61 L.Ed.2d 298 (1979), a Ninth Circuit panel in which Supreme Court Justice Kennedy then sat concluded that damages under section 2520 were not to be awarded on the basis of the total number of defendants.[2] One reason prompting said holding was that a plaintiff could recover actual or liquidated damages in excess of the actual loss. *Id.* 592 F.2d at 520. Another reason was that if actual or liquidated damages are multiplied by the number of defendants, such damages would exceed actual loss and become punitive in nature, hence rendering the statute's punitive damages proviso superfluous. *Id.* A judge from the Southern District of New York has followed the *Jacobson* Court's approach. *See Farberware, Inc. v. Groben,* 1991 WL 123964 *4 (S.D.N.Y.). This Court is also of the opinion that the Ninth Circuit's rationale is indeed the most logical approach to follow. Hence, plaintiff cannot be awarded $20,000.00 solely on the basis that two persons rather than one violated section 2511(1).

(ii) *Effect of the various types of violations of section 2511(1) when computing an award for damages under section 2520(c)(2)*

■ In *Bess v. Bess,* 929 F.2d 1332, 1334 (8th Cir.1991), an Eighth Circuit panel recently held that the unconsensual recording

---

**1.** The facts prompting this litigation are found in *Menda Biton v. Menda,* 796 F.Supp. 628, 629–30 (D.P.R.1992).

**2.** Although this case was decided prior to the 1986 amendments to the Omnibus Crime Control and Safe Streets Act, the Court finds its rationale equally applicable to the present statute.

and disclosing of the contents of a telephone conversation are two different violations of section 2511. *Cf. Rodgers v. Wood*, 910 F.2d at 449 n. 3. A judge from the Western District of Arkansas has followed the *Bess* approach in awarding statutory damages. *Deal v. Spears*, 780 F.Supp. 618, 624 (W.D.Ark.1991). In said case, the defendants agreed to record all calls to and from their telephone. Judge Oren Harris held that two separate violations existed, one for recording the telephone conversations and another for disseminating their contents to third parties. *Id.* at 624. This Court finds itself in accord with the rationale followed by the above mentioned courts in computing damage awards under section 2520(c)(2).

#### (iii) *Damages to be awarded to plaintiff*

█ The evidence already before the Court demonstrates that the defendants, acting in concert, *recorded* and further *disclosed* the contents of their telephone conversations with plaintiff. Accordingly, under section 2520(c)(2) plaintiff is entitled to $20,000 in damages ($10,000 for the recording of his conversations, plus $10,000 for the disclosure thereof) or the actual amount of damages he actually suffered, or damages calculated at $100.00 a day for each day of violations. Plaintiff in his memorandum of law however has agreed to receive the statutory minimum amount, hence has waived his right to prove liquidated damages. *E.g., Rodgers v. Wood*, 910 F.2d at 448–49 n. 3. This entitles him to a $20,000.00 award for the recording and disclosure violations. The defendants are liable for said sum jointly and severally. *Jacobson v. Rose*, 592 F.2d 515, 520 (9th Cir.1978). There being no genuine issue of fact nor law left undecided regarding the defendants' liability under section 2520(c)(2) summary judgment is appropriate in this instance.

---

3. In his memorandum, plaintiff has agreed to forego having this matter tried to a jury in order to expedite final resolution of this entire controversy.

### III. *Punitive Damages Under section 2520(b)(2)*

█ To warrant the award of punitive damages under section 2520(b)(2) a plaintiff must prove a wanton, reckless or malicious violation. *Bess v. Bess*, 929 F.2d at 1335; *Jacobson v. Rose*, 592 F.2d at 520. *E.g., Davet v. Maccarone*, 973 F.2d 22, 27 (1st Cir.1992) (punitive damages in section 1983 action). The Court opts to leave this matter in abeyance so as to hold a hearing on this issue at a later date.[3]

### IV. *Damages under the Commonwealth and Federal Constitutions* [4]

In *Arroyo v. Rattan Specialties, Inc.*, 117 D.P.R. 35, 64 (1986), the Commonwealth's Supreme Court held that a right to privacy cause of action under Puerto Rico's Constitution existed among private individuals. It also held that an aggrieved individual has the right to seek redress for such violation in the form of damages or injunctive relief. *Id.* This Court previously held that the defendants indeed violated plaintiff's constitutionally protected privacy by recording his telephone conversations with them and subsequently disseminating their contents to third parties. *Menda Biton v. Menda*, 796 F.Supp. at 633. The Court however, also opts to hold said matter in abeyance so as to be resolved together with the issue of punitive damages.

█ Regarding damages under the Federal Constitution, plaintiff's claim contains a serious flaw as no government action was involved when the defendants recorded and disclosed the contents of the recordings. The Court is unaware of any case holding that a federal constitutional right to privacy exists among private citizens. Thus, no damages are to be awarded in this instance.

### V. *Attorney Fees*

Title 18 U.S.C. § 2520(b)(3) allows courts to impose reasonable attorney fees and other litigation costs incurred as a consequence of the statute's violation. This

---

4. The Court has jurisdiction over plaintiff's state cause of action pursuant to 28 U.S.C. § 1367.

Court shall impose both on the defendants. However, plaintiff must first submit a detailed billing of the hours spent by his attorney preparing for this litigation. The method this Court has employed in the past in computing and awarding attorney fees is discussed in *Velázquez Hernández v. Morales*, 810 F.Supp. 25 (D.P.R.). To expedite matters, plaintiff's petition should conform with said opinion.

### VI. *Conclusion*

1. Partial summary judgment is hereby GRANTED in plaintiff's favor as to the issue of the defendant's liability under section 2520(c)(2). The defendants shall jointly or severally pay the plaintiff the amount of $20,000.00. The Clerk of the Court shall enter judgment accordingly.

2. Plaintiff's cause of action for damages under the Federal Constitution is hereby DISMISSED.

3. Plaintiff's cause of action for damages under the Commonwealth Constitution and cause of action for punitive damages under section 2520(b)(2) are held in ABEYANCE until a hearing is held at a later date.

4. The Court shall award plaintiff his attorney fees and legal costs upon his furnishing of a detailed billing statement to be filed on or before Wednesday, February 24, 1993. The defendants shall have until Wednesday, March 10, 1993 to file an opposition thereto, if any.

IT IS SO ORDERED.