*145
 

 RULING ON PLAINTIFFS’ SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT
 

 EGINTON, Senior District Judge.
 

 Plaintiffs brought this action pursuant to 18 U.S.C. § 2520 alleging unlawful interceptions of forty-nine wire and oral communications in violation of 18 U.S.C. § 2511. In a ruling dated November 17, 1995, plaintiffs’ motion for partial summary judgment as to defendant’s liability with respect to Counts One through Forty-Nine of the Amended Complaint was granted in plaintiffs’ favor. Plaintiffs now move for partial summary judgment on damages pursuant to Fed. R.Civ.P. 56. They seek an award of statutory damages pursuant to 18 U.S.C. § 2520(e)(2)(B), and an award of attorney’s fees and litigation costs pursuant to 18 U.S.C. § 2520(b)(3). For the following reasons, the motion will be granted in part and denied in part.
 

 BACKGROUND
 

 The pertinent undisputed facts as they were found in the ruling on plaintiffs’ first motion for partial summary judgment follow. Defendant is the ex-husband of plaintiff Eleanora Romano, and the father of plaintiffs Andrea and Erika Terdik. Plaintiff Joseph Romano married Eleanora Romano in 1990. On November 1, 1991, two tape recorders were found in plaintiffs’ basement by a telephone repairman. One recorder was connected to plaintiffs’ telephone line. The other was connected to a microphone that ran from the recorder through a hole in the basement ceiling and into the bedroom of Erika and Andrea Terdik. Both recorders contained cassettes, and were self-activating and operational. Approximately 445 cassettes containing conversations between plaintiffs and other relatives, and other evidence were eventually seized from defendant’s house.
 

 On November 12, 1993, defendant was found guilty in this court of the unlawful interception of eleven conversations involving the Romanos pursuant to 18 U.S.C. § 2511(l)(a).
 
 U.S. v. Lesley Terdik,
 
 5:92-cr-46 (EBB). This suit was filed on September 1, 1992. In a ruling dated November 17, 1995, this court granted plaintiffs’ motion for summary judgment, and found defendant civilly liable pursuant to 18 U.S.C. § 2520 for the interception of ten of the conversations for which he was convicted as well as the interception of thirty nine additional conversations.
 

 DISCUSSION
 

 A motion for summary judgment may be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(e);
 
 Celotex Corp. v. Catrett, 477
 
 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The burden is on the moving party to demonstrate that no material facts are in dispute.
 
 Donahue v. Windsor Locks Bd. of Fire Comm’rs,
 
 834 F.2d 54, 57 (2d Cir.1987). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all justifiable inferences against the moving party.
 
 Anderson v. Liberty Lobby, Inc.,
 
 477 U.S. 242, 255, 106 S.Ct. 2505, 2513-2514, 91 L.Ed.2d 202 (1986).
 

 Damages Pursuant to 18 U.S.C. § 2520(c)(2)(B)
 

 Section 2520 of Title 18 of the United States Code creates a cause of action for any person whose wire communications are intercepted in violation of the Omnibus Crime Control and Safe Streets Act of 1968 (the “Act”), 18 U.S.C. §§ 2510-2520. In 1986, the Act was amended by the Electronic Communications Privacy Act of 1986, Pub.L. 99-508, Title I, § 103, Oct. 21, 1986, 100 Stat. 1853. Prior to amendment, section 2520 provided, in pertinent part:
 

 Any person whose wire or oral communication is intercepted ... in violation of this chapter
 
 shall
 
 ... (1) have a civil cause of action against any person who intercepts ... such communications, and (2)
 
 be entitled
 
 to recover from any such person—
 

 (a) actual damages but not less than liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher----
 

 
 *146
 
 18 U.S.C. § 2520 (1985) (emphasis added). Section 2520 now reads, in pertinent part:
 

 (a) In general. — Except as provided in section 2511(2)(a)(ii), any person whose wire, oral or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity which engaged in that violation such relief as may be appropriate.
 

 (b) Relief. — In an action under this section, appropriate relief includes—
 

 (1) such preliminary and other equitable or declaratory relief as may be appropriate;
 

 (2) damages under subsection (c) and punitive damages in appropriate cases; and
 

 (3) a reasonable attorney’s fee and other litigation costs reasonably incurred.
 

 (c) Computation of damages. — (1) In any action under this section, if the conduct in violation of this chapter is the private viewing of a private satellite video communication ... the court shall assess damages as follows:
 

 (A) If the person who engaged in that conduct has not been enjoined under section 2511(5) ... the court shall assess the greater of the sum of actual damages suffered by the plaintiff, or statutory damages of not less than $50 and not more than $100.
 

 (B) If, on one prior occasion, the person who engaged in that conduct has been enjoined under section 2511(5) ... the court shall assess the greater of the sum of actual damages suffered by the plaintiff, or statutory damages of not less than $100 and not more than $1000.
 

 (2) In any other action under this section, the court may assess as damages whichever is the greater of—
 

 (A) the sum of the actual damages suffered by the plaintiff and any other profits made by the violator as a result of the violation; or
 

 (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000.
 

 (d) Defense. — ____
 

 (e) Limitation. — A civil action under this section may not be commenced later than two years after the date upon which the claimant first had a reasonable opportunity to discover the violation.
 

 18 U.S.C. § 2520 (1996).
 

 Plaintiffs contend that 18 U.S.C. § 2520(c)(2) mandates an award of statutory damages in the amount of $10,000 per intercepted conversation per plaintiff. In the alternative, they argue that even if the court has discretion in deciding whether a damage award is appropriate, damages should be awarded because defendant’s violations were more than
 
 de minimis.
 
 Defendant argues that the question of whether damages should be awarded, and if so, the amount of those damages lies within the discretion of the jury-
 

 The determination of whether 18 U.S.C. § 2520(c)(2) mandates an award of damages is a question of statutory interpretation and a legal issue that can be determined by summary judgment.
 
 Heublein, Inc. v. U.S.,
 
 996 F.2d 1455, 1461 (2d Cir. 1993). The Amended Complaint does not claim that defendant made a financial profit from the interceptions. Although it seeks an award for actual damages, plaintiffs move only for statutory damages. Actual damages pursuant to subsection 2520(c)(2)(A) are therefore presumably waived. Accordingly, the question before the court is whether statutory damages pursuant to subsection 2520(c)(2)(B) must be awarded, and if not, whether plaintiffs have met their burden to show a lack of genuine issue of material fact as to whether they should be awarded. This court finds in the negative as to the first question, and in the affirmative as to second question.
 

 The only two federal circuit courts that have ruled on whether a district court must award damages pursuant to subsection 2520(c)(2) have reached opposite conclusions. The Seventh Circuit held that a court does not have the discretion to not award damages.
 
 Rodgers v. Wood,
 
 910 F.2d 444, 448 (7th Cir.1990);
 
 see also Menda Biton v. Menda,
 
 812 F.Supp. 283, 284 (D. Puerto Rico
 
 *147
 
 1993). Its conclusion was based on the fact that the legislative history of the 1986 amendments to section 2520 do not explicitly explain why the word “may” was substituted for the former word “shall,” and on the fact that Congress provided for a less severe penalty structure for certain violations in subsection 2520(c)(1).
 
 Rodgers v. Wood,
 
 910 F.2d at 448.
 

 The Fourth Circuit recently held that a district court has the discretion pursuant to 18 U.S.C. § 2520(c)(2) to not award any damages for a violation of the Act.
 
 Nalley v. Nalley,
 
 53 F.3d 649, 653 (4th Cir.1995);
 
 see also Reynolds v. Spears, 857
 
 F.Supp. 1341, 1348 (W.D.Ark.1994);
 
 Shaver v. Shaver,
 
 799 F.Supp. 576, 580 (E.D.N.C.1992). The court found that Congressional intent to grant discretion to the courts was manifested by the fact that the statute itself uses the contrasting verbs “may” in subsection 2520(e)(2), and “shall” in subsection 2520(c)(1). It found further support in the fact that the 1986 amendments changed the verb from “shall” to “may” throughout most of section 2520, and found that the defendant had not demonstrated any Congressional intent that conflicted with that “clear” statutory language.
 
 Nalley v. Nalley,
 
 53 F.3d at 651-52.
 

 This court agrees with the approach of the Fourth Circuit and finds that the change in the statutory language wrought by the 1986 amendments, and the structure and language of section 2520 in its entirety demonstrates Congressional intent that the determination of whether to award damages pursuant to subsection 2520(c)(2) is within the court’s discretion. To ascertain the meaning of statutory language, the inquiry begins with the language of the statute itself.
 
 U.S. v. Ron Pair Enterprises, Inc.,
 
 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). The
 
 term
 
 “may” generally denotes a grant of permissive authority.
 
 Int’l Cablevision, Inc. v. Sykes,
 
 997 F.2d 998, 1005 (2d Cir.1993). However, the United States Supreme Court has held that although the term “‘may’ when used in a statute usually implies some degree of discretion,” that “common-sense principle of statutory construction is by no means invariable ... (citations omitted) ... and can be defeated by indications of legislative intent to the contrary or by obvious inferences from the structure and purpose of the statute.”
 
 U.S. v. Rodgers,
 
 461 U.S. 677, 706, 103 S.Ct. 2132, 2149, 76 L.Ed.2d 236 (1983).
 

 “When the wording of an amended statute differs in substance from the wording of the statute prior to amendment, [the court] can only conclude that Congress intended the amended statute to have a different meaning.”
 
 Nalley v. Nalley,
 
 53 F.3d at 652
 
 citing Muscogee (Creek) Nation v. Hodel,
 
 851 F.2d 1439, 1444 (D.C.Cir.1988). In
 
 U.S. v. Rodgers,
 
 when the statute in question was amended, the verb “shall” was changed to the verb “may.” Although the legislative history of the amendment included explanations for other changes, it did not include an explanation for the change in verbs. As the legislative record was ambiguous, the Court relied on the “natural meaning” of the word “may” and concluded that it was permissive.
 
 U.S. v. Rodgers,
 
 461 U.S. at 706-709, 103 S.Ct. at 2149-2151.
 

 The change in language engendered by the 1986 amendments to section 2520 demonstrates Congressional intent to confer discretion on the court. The Electronic Communications Privacy Act of 1986 amended section 2520 in several significant ways. It added a two-year statute of limitations where none had previously existed, 18 U.S.C. § 2520(e), and increased the statutory damage amount from $1,000 to $10,000 for all offenses except those falling within the newly created subsection 2520(c)(1). 18 U.S.C. § 2520(c)(2).
 

 Most significant to this case, it also changed the language and the structure of the entire statute. Except for subsection 2520(c)(1), the statute is now couched in permissive rather than mandatory terms. The first sentence of section 2520 provides that “any person whose wire, oral or electronic communication is intercepted ...
 
 may
 
 in a civil action recover from the person or entity which engaged in that violation such relief
 
 as may be appropriate.
 
 18 U.S.C. § 2520(a) (emphasis added). Subsection (b) states that “appropriate relief
 
 includes
 
 ” equitable relief, attorneys fees and other costs, and “damages under subsection (c) and punitive damages in appropriate cases.” 18 U.S.C. § 2520(b)
 
 *148
 
 (emphasis added). As the verb “includes” in a statute is generally interpreted to be non-exhaustive,
 
 U.S. v. Huber,
 
 603 F.2d 387, 394 (2d Cir.1979)
 
 citing Fed. Land Bank of St. Paul v. Bismarck Lumber Co.,
 
 314 U.S. 95, 99-100, 62 S.Ct. 1, 3-4, 86 L.Ed. 65 (1941), a plaintiff is no longer entitled to any specific relief. Subsection 2520(b)(2) directs the court to subsection (c) for guidance in awarding non-punitive damages.
 

 Subsection 2520(c) employs both the verb “shall” and the verb “may”, thereby providing further evidence that Congress did not use contrasting verbs lightly. Subsection 2520(c)(2) provides that “the court
 
 may
 
 assess as damages” actual or statutory damages pursuant to a prescribed formula. In contrast, subsection 2520(c)(1) states that “the court
 
 shall
 
 assess damages” pursuant to a different formula in cases involving certain satellite video communications offenses.
 

 Subsection 2520(e)(1) also differs from subsection 2520(c)(2) in that it prescribes minimum and maximum levels of statutory damage awards. Subsection 2520(c)(2) provides for statutory damages of “whichever is the greater of $100 a day for each day of violation or $10,000.” Subsection (c)(1)(A) states that statutory damages shall be assessed “of not less than $50 and not more than $500.” Under more serious circumstances, statutory damages shall be assessed “of not less than $100 and not more than $1000.” 18 U.S.C. § 2520(c)(1)(B).
 

 The significance of the dissimilar verbs and statutory damage provisions is underscored by the Second Circuit’s recent analysis of the damage provisions of the Communications Act of 1934, as amended, 47 U.S.C. § 553.
 
 Int'l Cablevision, Inc. v. Sykes,
 
 997 F.2d at 1005-1006. Subsection 553(c)(2)(B) provides that a “court may ... (B) award damages as described in paragraph (3).” Paragraph (3) states that any damages awarded by the court “shall be” computed on the basis of actual injury or statutory damages. 47 U.S.C. § 553(c)(3)(A). Statutory damages are computed as “a sum of not less than $250 or more than $10,000 as the court considers just.” 47 U.S.C. § 553(e)(3)(A)(ii).
 

 The Second Circuit concluded that the word “may” in subsection 553(c)(2)(B) could not be interpreted to mean that the district court had the discretion to not award any damages. The first reason was that another subsection states that in certain circumstances, “the court in its discretion may” reduce the award of damages to as low as $100. 47 U.S.C. § 553(c)(3)(C). The second reason was that it did not make sense to grant a court discretion to not award any damages, and then state that a court could not award damages of less than a prescribed minimum.
 
 Int’l Cablevision, Inc. v. Sykes,
 
 997 F.2d at 1006.
 

 Subsection 2520(c)(1) is akin to 47 U.S.C. § 553(c)(3)(A) and clearly mandates an award of some damages pursuant to the reasoning of the Second Circuit. Even though subsection 2520(b) provides that the court “may” award certain damages if appropriate, subsection 2520(c)(1) states that the court “shall” award damages in certain cases “of not less than $50 and not more than $500,” and in more severe cases in amounts of “not less than $100 and not more than $1000.” In contrast, subsection 2520(c)(2) not only states that damages “may” be awarded, it does not prescribe minimum and maximum limits to any damage award.
 

 The conclusion that subsection 2520(c)(2) grants the court discretion is not contradicted, and in fact is supported by the limited legislative history of the Electronic Communications Privacy Act of 1986. The legislative history does not explicitly state why most of section 2520 was changed from mandatory to permissive. However, it is not completely silent. The Senate Report accompanying the bill declares that:
 

 Proposed subsection 2520(b) indicates that appropriate relief in a civil action
 
 can
 
 include [the enumerated forms of relief as are found in that subsection]. Proposed subsection 2520(c) provides
 
 a
 
 method for the computation of damages. The general rule is set out in paragraph (2) of subsection (c).
 

 S.Rep. (Judiciary Committee) No. 541, 99th Cong., 2d Sess. (1986),
 
 reprinted in
 
 1986 U.S.C.C.A.N. 3555, 3581 (emphasis added). Thus, the list in subsection 2520(b) is not intended to be exhaustive, and subsection
 
 *149
 
 2520(c) is intended to provide a method for computation of damages if they are deemed appropriate.
 

 The Senate Report goes on to state that subsection 2520(c)(1), which provides that “the court
 
 shall
 
 assess damages” in cases involving certain satellite video communications offenses, is an exception to the general rule in subsection 2520(c)(2). This exception was the result of an amendment offered by Senator Grassley which reflected his and other Senators’ concerns “about the bill’s penalty structure for the interception of certain satellite transmissions by home viewers.” They did not want a private home viewer to be overly penalized for an inadvertent interception. Accordingly, the penalties in both the criminal and civil arenas were modified to a “two-track, tiered penalty structure for home viewing of private satellite transmissions when the conduct is not for a tortious or illegal purpose____” However, “third and subsequent offenders are subject to the bill’s full civil penalty.”
 
 Id.
 

 The Fourth Circuit reasoned that the existence of this exception suggested that “Congress intended to limit the types of violations for which the penalties [in subsection 2520(c)(2)] could be avoided.”
 
 Rodgers v. Wood,
 
 910 F.2d at 448. However, this court believes the better inference is simply that Congress chose to delineate one type of violation where it felt leniency should be mandatory. This does not lead to the conclusion that there are no other violations where leniency might be appropriate.
 

 Genuine Issue of Material Fact
 

 Plaintiffs argue that even if the court has the discretion to not award statutory damages pursuant to subsection 2520(c)(2), damages should be denied only where the violation was
 
 de minimis.
 
 This theory is based on the Fourth Circuit’s opinion that a
 
 “de minimis
 
 violation ... might not merit an award of any damages.”
 
 Nalley v. Nalley,
 
 53 F.3d at 653. The general definition of
 
 de minimis
 
 violations are those which are very small or trifling. BLACK’S LAW DICTIONARY 431 (6th ed.1990). In
 
 Nalley v. Nalley,
 
 the defendant played a tape of one telephone conversation, between her husband and a woman with whom he was having an affair, for her children, the other woman’s husband and her attorney in preparation for a divorce action. The court found that the district court did not abuse its discretion in not awarding damages because the violation caused no financial loss to the plaintiffs and no financial profit to the defendant, and was therefore
 
 de minimis.
 
 53 F.3d at 650 and 654;
 
 see also Shaver v. Shaver,
 
 799 F.Supp. at 580 (taping of two telephone conversations within the marital home was a
 
 de minimis
 
 violation and therefore did not warrant a damage award).
 

 In
 
 Reynolds v. Spears,
 
 the district court found that no damages were warranted after weighing several factors. The suit was the second against liquor store owners who had recorded telephone conversations of their employees in an effort to apprehend the person who had broken into the store and stolen money. The store owners lost the first suit and paid damages. The second suit was brought by a second set of persons whose personal conversations were intercepted. The court found that the fact that the store owners were quite wealthy was outweighed by the following factors: the plaintiffs had suffered no actual damages, the privacy intrusion suffered was relatively minor compared to the intrusion suffered by the first group of plaintiffs, the store owners had already paid damages for their unlawful acts, and the store owners intercepted the conversations solely for the purpose of discovering who robbed their store.
 
 Reynolds v. Spears,
 
 857 F.Supp. at 1348.
 

 Plaintiffs argue that the violation for which defendant is liable was not
 
 de minimis
 
 because he intercepted forty-nine conversations of an entire family on many different occasions. Defendant does not address whether the violations were
 
 de minimis.
 
 He argues only that a jury should decide the issue.
 

 Plaintiffs have met their burden to show no genuine issue of material fact as to whether damages should be awarded. While the court agrees with defendant that damages are not mandatory, that conclusion of law does not mean that defendant need not come forward with facts and/or evidence showing that a genuine issue of material fact
 
 *150
 
 exists as to whether damages should be awarded. It is not enough to merely assert that an issue should be determined by a jury. Conclusory allegations do not create genuine issues of material fact.
 
 Heublein, Inc. v. U.S.,
 
 996 F.2d at 1461. As defendant has failed to come forward with any genuine issues of material fact, the facts as stated by plaintiffs will be considered undisputed.
 

 The following undisputed facts are relevant: plaintiffs’ privacy was intruded upon repeatedly by defendant’s placing of tape recorders in the basement of plaintiffs’ home, and connecting them to their telephone and into the bedroom of the two plaintiff children; the conversations were recorded over a period of at least four years; defendant did not record the conversations for any possibly understandable purpose such as an effort to uncover a crime. These facts are sufficient to find that the interceptions were not
 
 de minimis
 
 and that damages should be awarded pursuant to subsection 2520(c)(2)(B).
 

 Subsection 2520(c)(2)(B) provides for “statutory damages of whichever is the greater of $100 a day for each day of violation or $10,-000.” Plaintiffs argue that each plaintiff is entitled to damages of $10,000 per interception. In support of their argument, plaintiffs points to a Fifth Circuit opinion where the court noted, in dicta, that “section 2520 authorizes ... a civil action ... for statutory damages of $10,000 per violation or $100 per day of the violation.”
 
 Steve Jackson Games, Inc. v. U.S. Secret Service,
 
 36 F.3d 457, 460 (5th Cir.1994). Defendant argues that each plaintiff is entitled to only $10,000.
 

 It is well established that, pursuant to subsection 2520(c)(2)(B), $10,000 may be awarded for interception and $10,000 may be awarded for disclosure because they are considered two separate violations of section 2511.
 
 See, e.g., Deal v. Spears,
 
 980 F.2d 1153, 1156 n. 5 (8th Cir.1992) (no appeal of award of $10,000 for interception and $10,000 for disclosure);
 
 Bess v. Bess,
 
 929 F.2d 1332, 1334 (8th Cir.1991);
 
 Rodgers v. Wood,
 
 910 F.2d at 446;
 
 Menda Biton v. Menda,
 
 812 F.Supp. at 285. However, the number of conversations that are intercepted or the number of disclosures is irrelevant.
 
 See, e.g., Rodgers v. Wood,
 
 910 F.2d at 446 ($10,000 for two intercepted conversations and $10,-000 for at least four disclosures);
 
 Menda Biton v. Menda,
 
 812 F.Supp. at 285; ($10,000 for multiple intercepted conversations);
 
 Shaver v. Shaver,
 
 799 F.Supp. at 579 ($10,000 for two days of interceptions). The parties have not pointed to and independent research has failed to reveal any published opinion where the statutory amount of $10,-000 was awarded for each conversation that was intercepted or disclosed.
 

 Defendant is liable for a total of forty-nine conversations on forty-nine separate days. Eleanora Romano was involved in thirty-seven conversations, Joseph Romano was involved in twelve conversations, Erika Terdik was involved in twelve conversations, and Andrea Terdik was involved in eight conversations. As $3,700, $1,200, and $800 are all less than $10,000, each plaintiff will be awarded $10,000 for the interception of his or her conversations.
 

 Attorney’s fees
 

 Plaintiffs also move for an award of attorney’s fees and other litigation costs pursuant to subsection 2520(b) which provides that appropriate relief includes “a reasonable attorney’s fee and other litigation costs reasonably incurred.” 18 U.S.C. § 2520(b)(3). As defendant does not dispute the appropriateness of such an award, plaintiffs will be awarded a reasonable attorney’s fee and other litigation costs reasonably incurred.
 

 CONCLUSION
 

 For the foregoing reasons, plaintiffs’ motion for partial summary judgment as to damages with respect to Counts One through Forty-Nine of the Amended Complaint [62] is GRANTED in part and DENIED in part. Plaintiffs shall each be awarded $10,000 pursuant to 18 U.S.C. § 2520(c)(2)(B), and reasonable attorney’s fees and costs pursuant to 18 U.S.C. § 2520(b)(3). Plaintiffs are directed to submit an itemized Bill of Costs and attorney’s fees affidavit indicating the expenses incurred in this litigation on or before thirty days from the date this ruling is docketed. Defendant may file timely objections
 
 *151
 
 to the reasonableness of plaintiffs’ costs and attorney’s fees submissions.