Desilets v. Wal-Mart Stores          CV-95-534-SD 10/08/97

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW HAMPSHIRE


James Desilets, et al

    v.                                Civil No. 95-534-SD

Wal-Mart Stores, Inc.


## O R D E R


This complaint seeks recovery of damages for alleged violations of federal, 18 U.S.C. § 2510, et seq., and state, Revised Statutes Annotated (RSA) 570-A, "wiretap" laws. Plaintiffs allege that in August of 1995, while employed at defendant's store in Claremont, New Hampshire, certain of their private oral conversations were intercepted on secreted audiotape recorders placed upon the premises by other employees of defendant.

Trial of this action is scheduled to commence with jury selection on October 21, 1997. This order addresses the issues raised by certain pretrial motions.[1]

---

[1]The order does not address requests for voir dire questions, objections to exhibits or instructions, nor the most recently filed (on October 6, 1997) motion in limine of the defendant. The court will allow some of the voir dire at trial and will take up objections to exhibits as exhibits are proffered, and objections to instructions at the close of the trial. The most recent motion in limine must await a response from plaintiffs' counsel.

<u>1. Defendant's Motion in Limine to Exclude Evidence with Respect to Plaintiffs' Claims for Emotional Distress Damages Barred Under New Hampshire RSA 281-A, document 19</u>

One of the four plaintiffs, James Desilets, makes claim here for recovery of psychological damages. Defendant seeks to bar evidence concerning this claim, and plaintiffs object, contending that the complaint refers to intentional torts and also contending that the federal statute preempts any ruling to the contrary. Document 41.

This court has previously held that the exclusivity provision of the New Hampshire workers' compensation law bars both intentional and nonintentional claims for emotional distress, which qualifies as a "personal injury." <u>Miller v. CBC Cos., Inc.</u>, 908 F. Supp. 1054, 1068 (D.N.H. 1995); <u>see</u> <u>Censullo v. Brenka Video</u>, 989 F.2d 40, 43 (1st Cir. 1993). And with respect to the claim of preemption, which is based on the Supremacy Clause of the Constitution,[2] it is, of course, a presumption, applicable in both express and implied preemption analyses, that state regulation of matters related to health and safety is not invalidated under that Supremacy Clause. <u>Phillip</u>

_____

[2]Article VI of the Constitution provides that federal law "shall be the supreme Law of the Land; . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

2

<u>Morris, Inc., et al v. L. Scott Harshbarger, Attorney General, et</u> <u>al</u>, Nos. 97-8022, 8023, slip op. at 23-24 (1st Cir. Aug. 18, 1997). Clearly, the workers' compensation law of New Hampshire and interpretations thereof concern matters related to health and safety of the working population.

Accordingly, the court finds itself unpersuaded by the authorities upon which plaintiffs rely and herewith grants the motion. Counsel for all parties are instructed that no attempt is to be made and no evidence is to be introduced concerning any claim of psychological damages sustained by plaintiff James Desilets, as the court finds that any such claim is barred by the provisions of the workers' compensation law of New Hampshire, RSA 281-A.

<u>2. Defendants' Motion in Limine to Dismiss Claims of Plaintiff</u> <u>Ricky Ordway, document 23</u>

Contending that plaintiff Ricky Ordway admitted in deposition that he could not hear his recorded voice on the three audiotapes produced by defendant, the defendant moves to bar Ordway's claims. Plaintiff Ordway objects. Document 44.

Plaintiff has produced for the court evidence which indicates that more than the three tapes currently available were

made,[3] and the law is clear that a plaintiff need only show interception of communication, not that particular conversations were intercepted.  <u>Walker v. Darby</u>, 911 F.2d 1573, 1579 (11th Cir. 1990) (Edmondson, J., concurring).  Because the intentional tort of wiretapping is obviously one which by its very nature is unknown to the plaintiff, <u>Awbrey v. Great Atlantic & Pacific Tea Co., Inc.</u>, 505 F. Supp. 604, 606-07 (N.D. Ga. 1980), direct evidence may well not have been available based on the stealthiness of the invasion, and, accordingly, a wiretapping claim may be established by means of circumstantial evidence. <u>Scutieri v. Paige</u>, 808 F.2d 785, 790 (11th Cir. 1987).

It follows that, as plaintiff Ordway has sufficient circumstantial evidence to give rise to a question of fact for the jury, the defendant's motion to dismiss his claim must be and it is herewith denied.

---

[3]A statement of Mike Kirkpatrick, the store manager, indicates his knowledge of at least two additional tapings. Depositions of other witnesses who were employed at relevant times at the Claremont store confirm the location of a tape recorder at or near the customer service desk.  Plaintiff himself will testify as to his presence at or near the various locations at which the tape recorders were installed.

4

3. Defendant's Motion in Limine re: Calculation of Statutory Damages Under the Federal Wiretap Statute, document 24

By virtue of this motion, defendant seeks to have the court rule that each plaintiff who is able to establish a right to civil damages under 18 U.S.C. § 2520 may recover at most $10,000, regardless of whether more than one of the different types of violations of the statute occurred. Plaintiffs object. Document 40.

It has been held in this circuit that under the federal wiretap statute "the disclosure and/or use of information obtained through a wrongful invasion amounts to a separate injury prohibited by statute, and makes a person subjected to such a disclosure and/or use 'a victim, once again, of a federal crime.'" Williams v. Poulos, 11 F.3d 271, 290 (1st Cir. 1993) (citing and quoting Gelbard v. United States, 408 U.S. 41, 52 (1972)). Accordingly, although defendant strives gallantly to distinguish them, the rulings in Romano v. Terdik, 939 F. Supp. 144, 150 (D. Conn. 1996) and Menda Biton v. Menda, 812 F. Supp. 283, 284-85 (D.P.R. 1993), are correct and, with respect to the recovery of damages under the federal statute, $10,000 may be awarded each plaintiff for interception and $10,000 for disclosure because they are considered two separate violations of 18 U.S.C. § 2511. Of course, the number of conversations that

5

are intercepted or the number of disclosures is irrelevant and the statutory amount applies, regardless of the number of interceptions or uses.

The motion must be and accordingly is herewith denied.

4. Defendant's Motion in Limine Requesting the Court to Rule that Plaintiffs Can Recover Damages Under the State or Federal Statute, But Not Both, document 25

This motion seeks a ruling from the court that the remedy of each plaintiff will be either actual damages as proven or the federal statutory measure. The motion further seeks to require election by plaintiffs prior to trial as to which of these remedies they will seek. Plaintiffs object. Document 42.

The record before the court will not allow it to rule favorably on this motion. There is no law known to the court, and the parties cite none, that requires an order of election such as is here sought by the defendant. Accordingly, the motion is denied. The court, of course, will take all efforts necessary to avoid duplication of damages if such are awarded to any of the plaintiffs.

6

<u>5.  Defendant's Motion in Limine to Exclude Evidence of Its</u>
<u>Actions After Discovery of the Audiotapes Except as Related to</u>
<u>Plaintiffs' Claims of "Interception or Use of the Contents",</u>
<u>document 26</u>

The audiotapes which are the focus of this litigation were discovered on August 23, 1995.  Defendant suggests that evidence of certain actions taken by it after that date should be barred for irrelevance or unfair prejudice or because they concern subsequent remedial measures.  Plaintiffs object.  Document 45.

Attached to plaintiffs' objection are a number of excerpts of depositions and interrogatory answers.  Review of same satisfies the court that, with one exception hereinafter discussed, plaintiffs have the better of the argument.

Without parsing all of the details set forth in plaintiffs' well-crafted objection, it is clear that the post-tape discovery actions of defendant have some "special relevance" to the material issue of intent required to support plaintiffs' burden of proof in this action.  <u>United States v. Carty</u>, 993 F.2d 1005, 1011 (1st Cir. 1993).  The evidence is accordingly admissible pursuant to Rule 404(b), Fed. R. Evid., and the court further finds that its probative value is not substantially outweighed by the danger of unfair prejudice, confusion, or undue delay.  Rule 403, Fed. R. Evid.

Moreover, it is well established that where a corporation acquires or is charged with knowledge of an unauthorized act undertaken by someone on its behalf, and fails to repudiate that act within a reasonable time, but instead acquiesces, the corporation is bound by the act. IBJ Schroder Bank & Trust Co. v. Resolution Trust Corp., 26 F.3d 370, 375 (2d Cir. 1994) (citations omitted).

Accordingly, with the exception of the alleged three-quarter-inch hole drilled in the wall of the manager's office,[4] which the court understands cannot be verified by any witness to its date and time of completion, and which therefore the court finds to be too speculative or remote to allow a rational inference to be drawn that it was accompanied by an intercepting device, the motion must be and accordingly is herewith denied.

6. Defendant's Motion in Limine to Exclude Evidence Regarding or Reference to the Criminal Liability Provisions of the Statute at Issue and to Exclude Evidence Related to Any Police Investigation Into this Matter, document 27

This is an action brought under the civil liability provisions of the state and federal wiretap statutes. It

_____

[4]If a supervisory employee used merely his eyes or ears to watch other employees, such action would, of course, not be violative of the statutes here at issue.

8

appears, however, that at least one of the plaintiffs requested that the tapes in question be turned over to the county attorney, and further that some sort of police investigation, the scope of which is unknown to this court, was conducted into the matter.

Defendant moves to exclude evidence of the criminal provisions of the statutes at issue and also to exclude evidence of the police investigation. Plaintiffs object. Document 43.

The court is satisfied that any reference to the criminal portions of the statute and/or to any police investigation into the matter would not serve to support the plaintiff's case for recovery of damages and is not a "consequential factor" in the case pursuant to Rule 401, Fed. R. Evid., and that to allow any reference to or to admit evidence concerning the criminal provisions of the statutes or any police investigation here undertaken should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Rule 403, Fed. R. Evid.

Accordingly, the defendant's motion is herewith granted, and counsel are instructed to direct their witnesses to refrain from any reference to or mention of the criminal provisions of the statute or any police investigation in this matter, and are not otherwise to attempt to introduce evidence concerning such

9

subjects.

## 7. Defendant's Motion in Limine on Claims for Punitive Damages, document 28

Stating, without support by way of affidavit, deposition, or interrogatory excerpt, that the employees of defendant who placed the audio recorders at issue did not act wantonly, recklessly, or maliciously, defendant moves to exclude claims for punitive damages in this action. Plaintiffs object. Document 38.

The court finds and rules that the record before it is insufficiently developed for it to rule on this motion, and accordingly denies the motion. If, at the close of the plaintiffs' case in chief the record is insufficiently developed to support a claim for punitive damages on the part of any or all of these plaintiffs, then defendant is, of course, at liberty to move for judgment as a matter of law pursuant to Rule 50(a), Fed. R. Civ. P.

## 8. Defendant's Motion in Limine Regarding Plaintiffs' Anticipated Claims for Lost Wages as an Element of Damages, document 29

Contending that none of the defendants actually lost wages as a result of the incidents which give rise to this action,

10

defendant moves to exclude such evidence from consideration by the jury.  Plaintiff James Desilets objects.  Document 39.

The court construes the fact that only plaintiff Desilets objects to equate with agreement that none of the remaining plaintiffs will claim lost wages in this litigation.  As regards the claim of Mr. Desilets, he is, of course, entitled under the respective statutes to claim either actual or statutory damages, and if he desires to press his claim for lost wages, the court finds that he is entitled to do so and that evidence respecting any claim for lost wages will not be excluded on the ground of either relevance or unfair prejudice.

Accordingly, the motion is granted as to plaintiffs Ordway, Pederson, and Young, but is denied as to plaintiff Desilets.


9.  Conclusion

For the reasons hereinabove stated, the court has

- granted defendant's motion in limine to exclude evidence with regard to plaintiffs' claims for emotional distress (document 19);

- denied defendant's motion to dismiss the claim of plaintiff Ordway (document 23);

- denied defendant's motion in limine re: claim of statutory damages under the federal wiretap statute (document 24);

11

- denied defendant's motion in limine requesting the court to require that plaintiffs can recover damages under the state or the federal statute, but not both (document 25);

- granted in part and denied in part defendants' motion in limine to exclude evidence of defendant's activities after discovery of the audiotapes (document 26);

- granted defendant's motion in limine to exclude evidence regarding or reference to the criminal law provisions of the statutes and to exclude evidence of any police investigation (document 27);

- denied defendant's motion in limine on claims for punitive damages (document 28); and

- granted in part and denied in part defendant's motion in limine seeking exclusion of claims for lost wages (document 29).

As of this writing, the jury herein will be the second jury to be selected on the morning of October 21, 1997, with trial to follow upon completion of the number one case. If the number one case is settled, then this case will go forward later on the day on which the jury is drawn.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

October 8, 1997

12

cc:     Claude T. Buttrey, Esq.
        Charles L. Powell, Esq.
        E. Tupper Kinder, Esq.